## DWIGHT BISHOP v. CHARLES W. HOUGHTON.

An action at *law*, cannot be maintained to recover against an assignee of property assigned for the benefit of creditors, a judgment for debts due to one of the creditors, on the ground that the assignee has been guilty of a breach of trust in neglecting to collect and apply in discharge of the trust an amount due upon the sale of the assigned property.

The remedy in such a case, is by a suit in the names or for the benefit of all the parties beneficially interested, and in which the interests of all the creditors shall be protected, and in which the court may exercise its equitable jurisdiction, and compel the trustee to account for and pay over the funds in his hands, and proceed to execute the trust; or replace him by a new trustee; or direct, summarily, that a receiver be appointed, with power to collect the outstanding debts, and apply them as provided in the assignment; or if the fund has been impaired by the neglect of the trustee, require him to make good the loss.

The code has not abolished the distinction between legal and equitable *relief.* There is but one form of action, whether the relief sought be legal, or equitable, or both; but a plaintiff must so frame his complaint as to enable the court to administer the particular relief to which he may be entitled.

THIS case came up on the defendant's appeal, from a judgment for $611 68, and costs, entered against him upon the report of S. Cambreleng, Esq., before whom, as sole referee, the cause was tried. The facts were found substantially in accor-

dance with the allegations of the complaint, which are set forth in the opinion.

*James R. Whiting*, for the defendant.

I. The assignment from the Church of the Crucifixion to the defendant, as against creditors, is *fraudulent* and *void* on its face; and all the creditors are entitled to come in and share in the proceeds of the assigned property.

II. The action should have been for an account, and on the equity side of the court, for a final settlement and decree, so that one distribution of the trust fund should be made. The suit, therefore, should have brought in all the parties in interest—all the *cestui que trusts* should have been parties, plaintiffs or defendants. (Willis on Trusts, 210; Sand. U. & T., 340; 2 Madd. Ch.132; 1 Holt, 641; 1 Chitty Pl., ed. of 1840, pp. 34, 60.)

III. The amount due, and under any circumstances, to the plaintiff, is only $445 75. His assignment is for the balance due Chapman, without interest.

IV. If this action can be maintained, then it proceeds on the ground of negligence; and if the defendant is liable in this action, it is only to the extent of the *value* of the assigned property. In this respect the referee has erred, because he has taken the amount of sales as the criterion, whereas this can only be when the action proceeds for an account. The whole value of the property not distributed is $400. The amount that the plaintiff could recover would be his proportion of this amount, as one of the class of preferred creditors. (*Taylor* v. *Tablin*, 6 Simon's R. 281.)

V. The assignment being fraudulent and void, as against creditors, equity then puts all the creditors on an equal footing, and they come in and share alike. There must, therefore, be an equal distribution of the whole fund. Taking the sales at $1900, which is all the whole property brought, would give on the aggregate of debits, $2,422 25, $78\frac{45}{100}$ cents per dollar for a dividend. Chapman would then be entitled to $729 43.

From which deduct amount paid, $445 75. The balance to which plaintiff would be entitled would be $283 68, for which the report should have been made. (*Geler* v. *Lyon*, 4 Com. 600.)

VI. The report ought to be set aside, either altogether and the suit dismissed, or unless the plaintiff consents to deduct from the report the above excess.

*S. F. Clarkson*, for the plaintiff.

I. The report of the referee, based upon the admissions in the answer under oath of the defendant, and on the evidence applicable to the issue, is correct, and the judgment thereon should be affirmed. 1. Neither the *value* of the property sold by the defendant, nor the sale by him, nor the taking of the mortgage, were in issue. The defendant's answer and his witness, Shroeder, prove the amount defendant sold the property for; and this amount is enough to pay all of the first class, if the whole can in this action be received as a part of the issue. 2. The mortgage and time of filing show the defendant's breach of duty, with the admission in the answer as to responsibility of purchasers and validity of mortgage. (2 R. S. marginal p. 136, secs. 9, 10, 11, 12; Act 1833, p. 402; *Camp* v. *Camp*, 2 Hill, 628.) 3. The evidence shows the plaintiff's claim, and defendant's character is admitted in his answer; and his possession and sale of the property, and the trustees being in debt to Rev. Wm. R. Chapman, are also admitted. 4. The defendant, being a trustee, by a breach of his duty as such trustee, made himself personally liable to the persons who were injured or prejudiced by that breach of duty. (*King* v. *King*, 3 Johns. Ch. R. 552; *Purcell* v. *Hartness, Exrs. &c.* 1 Wend. 303; *Burnett et al.* v. *Lynch*, 5 Barnw. and Cress. 589, 605; *Ackerman* v. *Emott, Exrs. &c.* 4 Barb. Sup. C. R. 626, 640; Williams' Exr. pp. [1105, 1107]; *Ackerly* v. *Finch*, 7 Cowen, 290, and *Fuller* v. *Acker*, 1 Hill, 473.)

II. The defendant's motion to dismiss the complaint, on the ground that other persons should have been joined as plaintiffs, was properly denied by the referee, for this action being for a

breach of duty by the defendant, it was not necessary to join other persons as plaintiffs. (Code, 1851, p. 78, note to § 117; 1 Chitty's Pleadings, 74.)

III. If the defendant could object, in this action, to other persons not being joined as plaintiffs, that objection could be taken only in the answer, or by a demurrer, and not for the first time on the trial. (*Wakeman* v. *Grover*, 4 Paige, 32; *The Trustees of Watertown* v. *Cowen*, 4 Paige, 510; Code, § 144, subd. 4, and § 148.)

By the Court. DALY, J.—The action in its present shape cannot be maintained. The plaintiff charges, that the defendant is the assignee of the trustees of the third congregation of the Associate Reformed Church in the city of New York, under an assignment made to him by said trustees, for the benefit of certain creditors. That the pastor of said church, Rev. William R. Chapman, was one of the preferred creditors in the assignment, to $461, with interest, and entitled to be paid first in order. And that Chapman has assigned all his claim and interest therein to him, the plaintiff. He further charges, that the defendant took possession of the assigned property, and sold it for $1,200, upon a long credit for more than a year, to an irresponsible individual or individuals, taking therefor the personal contract, promissory notes, or obligations of such person or persons; that their irresponsibility was well and generally known at the time of such sale, and might have been ascertained upon proper inquiry and examination on the part of the defendant. That the terms of the sale were unreasonable, and improper for the defendant to enter into, as such assignee, and that he did not exercise that prudence and caution in making the sale, and in obtaining security for the punctual payment of the purchase money, which it was his duty to use. He further charges, that the defendant pretends that he took a chattel mortgage as security for the payment of the purchase money; and that although the purchase money has been due over two years, and the mortgage forfeited, yet, by the neglect, inattention or carelessness of the defendant, or of

the persons he employed, the mortgage has hitherto been, and still is inoperative and ineffectual. That the defendant has not, for over two years, had the possession or control of the mortgaged property. That he has neglected enforcing the mortgage. That the property is now in the hands of third parties, who claim to hold it by purchase from the mortgagor, divested of all claim of the defendant to it. That by the defendant's mismanagement and culpable neglect, the property, which came into his hands as such assignee, has not been applied, or the proceeds thereof, to the payment of the debts due by the trustees, and intended to be provided for by the assignment, and that the defendant has thereby become personally liable to him, the plaintiff, for the balance of the claim due to Chapman, and which has been assigned to him; and he demands judgment against the defendant for $461, with interest.

The defendant set up in his answer that a portion of the assigned property was sold by him, and that he paid the proceeds to the preferred creditors *pro rata*. That he paid Chapman upon his claim $450, being about one half of his alleged indebtedness. That the remainder of the assigned property was sold by him, and a mortgage taken as a security for the purchase money, with the consent of Chapman. That one Davies claimed title to the property so mortgaged, and that the mortgagor refused to pay the purchase money until the title to the property could be finally settled and determined. That he caused a suit to be commenced to recover the property, and that the matter was submitted, by the consent of the defendant and the said Davies, to arbitration, to decide as to the rights of the parties ; and he denies that he made the sale to irresponsible persons; but avers that the mortgage is a valid, subsisting and adequate security of the debt ; and he denies, generally, any neglect or mismanagement on his part. The reply denies specially the matter set up in the answer, and alleges that the arbitrators were never called upon to act. Upon this issue, such as it was, the parties went to trial before the referee, and he found, upon the evidence produced before him, that the amount due to Chapman was $891 50. That the de-

fendant sold a portion of the assigned property for $500, and received the proceeds in cash. That he sold the residue for $1,400, two hundred dollars of which he received in cash, and for the balance he took four promissory notes, the largest of which was payable in one year from date, which notes were secured by a mortgage upon the property so sold. That the sale was made with the consent and approbation of Chapman, and that the parties to whom the sale was made are responsible and are of abundant means. That prior to the sale, the defendant paid Chapman, out of the proceeds of the sale of the assigned property, $445 75. That a long time has elapsed since the notes became due, and that no proof was produced before him of any measures being taken by the defendant to recover the amount thereof, nor any sufficient excuse or reason shown for the defendant's neglect or delay in recovering the same. He thereupon concludes, that by the neglect and delay of the defendant, in enforcing the securities given to him, he has become personally liable to the plaintiff for the balance of the debt due to Chapman, and reports that the plaintiff is entitled to recover from the defendant $611 68, the amount of the debt and interest.

The whole frame of this action is misconceived, and this report must be set aside. It is in the nature of an action at law to recover from an assignee of property, assigned for the benefit of creditors, a debt due to *one* of the creditors, upon the ground that the assignee has neglected to collect an amount due upon the sale of the assigned property, and apply it to the payment of the creditor in discharge of the trust. No such action could have been maintained before the code; (*Allen* v. *Imlot* and *Nichols*, Holt, 641; *Case* v. *Roberts*, id. 500; *Edwards* v. *Bate*, 13; Law Journal, N. S. 156; Hill on Trustees, 518;) nor can it now. The remedy would have been in equity. Where it appeared that the assignee neglected to collect the debts after they were due and payable, or in any other respect was guilty of a breach of trust, the court of chancery could compel him to account for the funds in his hands, and pay them over, or appoint a new trustee for the better admin-

istration of the trust. (2 R. S. 16, § 70, 3d ed. ; Coke Litt. 113, note 2 ; *Mayor of Coventry* v. *Attorney General*, 7 Bro. P. C. 235 ; *ex parte* Greenhouse, 1 Mad. 92 ; *Attorney General* v. *Shore*, 7 Sim. 390, note ; *Lord Montfort* v. *Lord Cadogan*, 17 Ves. 485 ; 1 Sch. and Lef. 272 ; Jeremy Eq. Juris. 147 ; id. 523 ; Hill on Trustees, 191 ; 4 Kent, 311.) And if, from the neglect to collect them, the fund became impaired, the assignee would be required to make good the loss. (*Lowson* v. *Copeland*, 2 Bro. C. C. 156 ; *Powel* v. *Evans*, 5 Ves. 839.) Or, in a case like this, where the purchasers of the assigned property are abundantly responsible and able to pay, the court, instead of removing the assignee, might direct him to collect the debt, and proceed to execute the trust. This would have been the plaintiff's remedy before the code ; and an action analagous in character is the proper remedy now. The code, it is true, has abolished the distinction between actions at law and suits in equity, and it was designed to blend the two modes of proceeding in one form of action. The preamble declares that it is expedient that the distinction between legal and equitable remedies should no longer continue, but it was not intended thereby to change the inherent difference which exists between legal and equitable relief. (*Linden* v. *Hepburn*, 3 Sand. S. C. 668 ; *Wooden* v. *Raffle*, 1 Code R. N. S. 393 ; *Hill* v. *McCarthy*, 3 Code R. 49 ; *Giles* v. *Lyon*, 4 Comst. 600.)

That distinction still exists, and must exist. There is but one *form* of proceeding, whether the relief which a party seeks be legal or equitable, or both ; but he must so frame his action as to enable the court to administer the particular relief to which he is entitled. As respects the present case, this court would undoubtedly lend its aid to compel or secure the due execution of the trust, or to compel the assignee, if any portion of the fund has been lost through his neglect or mismanagement, to make good the loss to those beneficially interested. But the plaintiff comes into court and asks a judgment against the assignee for the amount of his debt, because the assignee has neglected to collect the proceeds arising out of the sale of

the assigned property, and such a judgment we cannot render. He is but one of a class of preferred creditors. All the other creditors are beneficially interested in the proper application of the fund, and they must be brought in as parties in any proceedings instituted to carry into effect the original object of the assignment. Though the defendant may have been guilty of a breach of trust, that is no reason why he should be adjudged liable to pay to one of the creditors the amount of his claim. All that can be done in such a case is to remove him; to direct that he account for the funds that may have come into his hands, and to appoint a new trustee, or direct, summarily, that a receiver be appointed with power to collect the outstanding debt, and apply the proceeds in the manner intended by the assignment.

In accordance with the foregoing decision of the court, the judgment was reversed, with costs; with leave to the plaintiff, on payment of the costs of the appeal, to apply for any relief, by way of amendment, to which he should conceive himself entitled.