## Case No. 6,854.

### HUKILL v. PAGE et al.

[6 Biss. 183.] [1]

Circuit Court. N. D. Illinois. Aug., 1874.

EQUITY JURISDICTION—REMEDY AGAINST TRUSTEE.

The remedy of the cestui que trust against the trustee for negligence must be in equity, not at law.

Action on the case by plaintiff [Edwin M. Hukill], holder of certain bonds of the Riverside Improvement Company, secured by deed of trust to the defendants [Benjamin V. Page and others], the declaration alleging that the plaintiff purchased the bonds relying upon the security of the trust deed, but

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

that the defendants wrongfully executed and delivered to the said company a release of said trust deed, which was duly filed for record, whereby plaintiff's bonds became of little or no value. Defendants file general demurrer.

Lawrence, Winston, Campbell & Lawrence, for plaintiff.

Geo. W. Smith and Ayer & Kales, for defendants, cited Alton v. Midland R. Co., 115 E. C. L. 213; Himes v. Keighblingher, 14 Ill. 469; Saund. Pl. & Ev. 726; Perry, Trusts, § 843; 1 Chit. Pl. 60; Hill, Trustees, 42; 2 Story, Eq. Jur. § 962; Dias v. Brunell, 24 Wend. 9; Bartlett v. Dimond, 14 Mees. & W. 49; Pardoe v. Price, 16 Mees. & W. 450.

BLODGETT, District Judge. Inasmuch as no fraud was charged, but negligence only is alleged in the declaration, the remedy should be by a bill of chancery. It is possible that an action on the case might lie against the trustees if fraud were alleged, but as plaintiff simply alleged negligence the only remedy is in equity. The demurrer will be sustained and leave given to amend, if the plaintiff thinks he can make a good declaration.