C. D. LULLING, Susan Lulling, and SDL of Waunakee, Inc., a Wisconsin Corporation,

Kent V. Mieding, Judith Mieding, and Kent's Family Inn, Inc., a Wisconsin Corporation,

Thomas G. Meyer, Sue A. Meyer, and Port Washington Road, Inc., a Wisconsin Corporation,

Harry C. Nickell, Dianna L. Nickell, and Harry's of 27th Street, Inc., a Wisconsin Corporation,

Michael Jo Chamberlain, Christine M. Chamberlain, and Chamberlain's Inn, Inc., a Wisconsin Corporation,

Gene M. McKiernan and Valerie J. McKiernan, and Chump on Capitol Drive, Inc., a Wisconsin Corporation, Plaintiffs,

v.

BARNABY'S FAMILY INNS, INC., Angelo G. Geocaris, Frank Pope, Burton E. Evans and Daniel R. Mass, Defendants.

Civ. A. Nos. 79–C–308 to 79–C–313.

United States District Court, E.D. Wisconsin.

Sept. 11, 1980.

Irvin B. Charne and Howard A. Pollack, Milwaukee, Wis., James R. Sneider Chicago, Ill., for defendants.

Jack D. Moertl and Terry L. Campbell, Milwaukee, Wis., for plaintiffs.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These are diversity actions brought pursuant to the Wisconsin Franchise Law, Chapter 553, Wisconsin Statutes, allegedly for reformation of franchise agreements, equipment leases and real estate leases, and for refund of allegedly excessive payments made by the plaintiffs on those agreements.

It has been stipulated between the parties, as encompassed in this court's order of February 25, 1980, that the plaintiffs in the consolidated actions shall be deemed to have made a timely demand for a jury trial as to all claims properly triable to a jury.

## FACTS

On June 18, 1980, a final pretrial conference was scheduled for September 3, 1980, and the parties were ordered to serve and file briefs with regard to which claims were properly triable to a jury and those triable to the court. At that final pretrial conference, the Court viewed plaintiffs' claim as equitable and did not consider the significance of the counterclaim and denied the plaintiffs' request for a jury trial.

The plaintiffs have now requested a reconsideration of that denial and have submitted an outline of further arguments for this Court's review. For the reasons stated below, I believe I was in error when I denied the plaintiffs' request for a jury trial.

I have reread the pleadings. Paragraph 14 of each of the complaints speaks of the plaintiffs' demand that the defendants "reform and rewrite" the franchise and other agreements to conform with the representations made by the defendants, and that the defendants "refund" what the plaintiffs contend are "excessive payments" made by them to the defendant corporation. Each complaint's prayer for relief requests (1) that the parties' franchise and other agreements be reformed and rewritten to reduce the plaintiffs' payments under those agreements;[1] (2) that the

1. To the extent that the plaintiffs' claims sound as if they seek reformation of the parties' franchise and other agreements, their claims are equitable in nature. See *NAT Harrison Associates, Inc. v. Louisville Gas and Electric Co.*, 512 F.2d 511, 512 n.1 (6th Cir.), cert. denied, 421 U.S. 988, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); 1 Pomeroy, Equity Jurisprudence § 112, at 146 (5th ed. 1941); 5 Moore's Federal Practice ‘ 38.11[6], at 123 n.13 (1979).

This review of the pleadings, however, reveals neither a claim of mutual mistake by the parties nor a claim of mistake on the part of the plaintiff; rather, it reveals a claim by the plain-

tiffs of false and misleading statements and failure to disclose material facts on the part of the defendants. In his treatise on equity jurisprudence, Professor Pomeroy has written:

"Equity has jurisdiction to reform written instruments in but two well-defined cases: 1. Where there is a mutual mistake,–that is, where there has been a meeting of minds,–an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; and 2. Where there has been a mistake of one party accompanied by fraud or other inequi-

plaintiffs be repaid the allegedly excessive payments made to the defendant corporation;[2] and (3) that the defendant corporation be required to provide the plaintiffs with the advertising, promotional, and other services required by the franchise.[3] The defendants have pleaded three counterclaims, each of which in part seeks damages for the plaintiffs' breaches of the parties' franchise and other agreements; and these counterclaims require that the cases be tried to a jury.

## OPINION

The allocation of the fact–finding function between the court and the jury is governed by the test laid down by the Supreme Court in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); and *Ross v. Bernhard*, (1959) *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The *Beacon Theatres–Dairy Queen–Ross* test, as framed by Professor Moore in his treatise, is generally—

" * * * whether the plaintiff's claim is basically legal or equitable or legal and equitable claims joined under the Rules. If legal, there is a right to a jury trial on timely demand. If it is equitable, there is no right to a jury trial. If it is mixed, the issues will be separated and a jury trial afforded on those that are legal, but not on those that are equitable. Where

the right to a jury trial exists with respect to any claim, it cannot be vitiated by trying first to the court an equitable claim predicated upon common facts." 5 Moore's Federal Practice, ¶ 38.16[4], at 162.6–162.8 (1979).

The parties have agreed that the defendants' counterclaims are legal in nature and that the plaintiffs are entitled to a jury trial on those issues. Defendants, however, argue that a resolution of their legal issues should occur only after the Court has resolved the plaintiffs' "equitable" issues[4] because of Professor Moore's recommendation that—

"Where the 'equitable' issue is in the nature of a defense, the courts quite generally and properly order that the 'equitable' issues be disposed of first. If the 'equitable' defense is found to be valid, the case will have been disposed of with minimum time and expense. If disposition of the 'equitable' claim or counterclaim would make it unnecessary to go into the 'legal' issues, then the equitable issues should be disposed of first." 5 Moore's Federal Practice ¶ 39.12, at 732.7 (1979).

■ Defendants' reliance on Professor Moore's procedure that the equitable issues be disposed of first by the Court in this action is misplaced and does not take proper account of the teaching of *Beacon Theatres, Inc. v. Westover*, supra. In *Beacon Theatres*, the basic right to jury trial case, the plaintiff brought an equity suit seeking an

table conduct of the remaining parties. In such cases the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties. * * * " 4 Pomeroy, Equity Jurisprudence § 1376, at 1000–1001 (1941).

Since it is unnecessary for the proper resolution of the plaintiffs' right to a jury trial to determine whether equity would have jurisdiction to reform the franchise agreements on the basis of the plaintiffs' claims or whether the plaintiffs have brought a pure equity suit, this Court will assume arguendo that the plaintiffs have brought an equity suit.

2. Similarly, it is unnecessary for the proper resolution of the plaintiffs' right to a jury trial to determine whether the plaintiffs seek damages (a legal issue) or disgorgement of profits

(an equitable issue). See *Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90 (2d Cir. 1978). This Court will assume arguendo that the plaintiffs have brought an equity suit. See note 1, supra, and accompanying text.

3. To the extent that the plaintiffs seek judgment ordering the defendant corporation to provide the plaintiffs with the advertising, promotional, and other services required by the franchise, their claims are for specific performance of the franchise agreements, an equitable claim. See 1 Pomeroy, Equity Jurisprudence, § 112, at 145–146 (1941); 5 Moore's Federal Practice ¶ 38.11[6], at 123 n.14 (1979).

4. See notes 1–3, supra, and accompanying text.

injunction against the defendant's threat to bring suit under the Sherman Act; the defendant counterclaimed with its Sherman Act damages claim. The Supreme Court held that the trial court's discretion in ordering that the equity suit be tried first was "very narrowly limited and must, wherever possible, be exercised to preserve jury trial. \* \* \*. \* \* \* [O]nly under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. \* \* \*" 359 U.S. at 510–511, 79 S.Ct. at 956–57. Therefore, *Beacon Theatres* simply teaches that where parties join legal and equitable claims arising out of the same transaction, the court must schedule the sequence of trials to protect a party's constitutional right to a jury trial. *Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 97 (2d Cir. 1978); see *GTE Sylvania Incorporated v. Continental T. V., Inc.*, 537 F.2d 980, 986 n.7 (9th Cir. 1976), aff'd 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977).

The point is that if there are conflicting legal and equitable claims for relief on the same set of facts, either party has the right to a jury trial. See *Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc.*, 581 F.2d 246, 249–250 (10th Cir.), cert. denied 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979).

### ORDER

IT IS THEREFORE ORDERED that the plaintiffs' request that their claims for relief which are based on the same set of facts as the defendants' claims for relief be tried to a jury will and hereby is granted.

IT IS FURTHER ORDERED that the parties come to the jury trial on September 16, 1980, with their proposed special verdicts, jury instructions, and pretrial briefs.