In re DUNOCO CORPORATION, an Oklahoma corporation, formerly known as Noram Corporation, an Oklahoma corporation, Debtor.

Jon R. STUHLEY as Chapter 7 Trustee of the Estate of Debtor Dunoco Corporation, Plaintiff,

v.

DUNOCO DEVELOPMENT CORPORATION, f/k/a Lonnie Dunn International, Inc., a Texas corporation; DES Corporation, a Delaware corporation; Dunn Delaware Corporation, a Delaware corporation; Lonnie M. Dunn, Jr.; Lonnie M. Dunn, III; Merrilee Dunn; John W. Ohanian, Jr.; and John H. McCleskey, Defendants.

Bankruptcy No. SA 84–04960 RP. Adv. No. SA 85–0361 RP.

United States Bankruptcy Court, C.D. California.

Dec. 23, 1985.

Donna R. Hecht of Irell & Manella, and Michael A. Morris of Stutman, Treister & Glatt, Los Angeles, Cal., for plaintiff Jon R. Stuhley, trustee of debtor Dunoco Corp.

James M. Duarte of Menke, Fahrney & Carroll, and Friedemann, Keto & Fingal, Orange, Cal., for defendants.

### ORDER DENYING JURY TRIAL

RALPH G. PAGTER, Bankruptcy Judge.

In the instant adversary proceeding, plaintiff trustee filed the Complaint on May 10, 1985 and the Amended Complaint on July 19, 1985. Each complaint contained a demand for a jury trial. Since the jury trial demand was contemporaneous with the filing of each complaint, the demand was timely under Bankruptcy Rule 9015(b)(1). The demand does not specify particular issues. Therefore, it is deemed

to be a demand for a jury trial on all issues so triable. Bankruptcy Rule 9015(b)(2).

The availability of jury trials in bankruptcy court is somewhat unclear, due to the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and the more recent enactment of the Bankruptcy Amendments and Federal Judgeship Act. The parties herein were therefore ordered to submit briefs concerning whether a jury trial may be conducted in this court, and if so, whether any of the issues raised in the pleadings must be determined by a jury. The parties have submitted said briefs as ordered.

Assuming, without deciding, that the Seventh Amendment right to jury trial applies to proceedings in bankruptcy court, this court finds that none of the issues in the instant adversary proceeding warrants a trial by jury.

The Amended Complaint states a claim for relief concerning certain transfers of property by the corporate debtor, allegedly consummated without fair consideration. The named defendants include various principals of the debtor, a subsidiary of the debtor and other related corporations. The claims for relief are based upon the following theories: The transfers were fraudulent conveyances; the transfers resulted from breaches of fiduciary duties by certain principals; and the transfers were illegal corporate distributions. To remedy these alleged misdeeds, the trustee seeks imposition of a constructive trust, reconveyance of the property or, alternatively, the value of the property, and reformation of a promissory note.

The claims for relief are primarily based upon two transactions, sale of Colony Village, a mixed-use real property development, to Dunn Delaware, Inc. and the sale of all Dunoco Development, Inc. stock to DES, Inc. The Amended Complaint also contains allegations that certain principals improperly received other assets of the debtor.

The Seventh Amendment to the United States Constitution provides that, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." A civil litigant has the right to a jury determination of any legal issue arising from his claims for relief; characterization of issues as legal or equitable depends on pre-merger custom, the remedy sought and the practical abilities and limitations of juries. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729, 736 (1970). Since the Ninth Circuit has discounted the third factor, see *In re U.S. Fin. Secs. Litig.*, 609 F.2d 411, 421–22 (9th Cir.1979), *cert. denied*, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980), this court will determine the nature of the issues based upon the first two factors in *Ross*, *supra*. As an aside, this court also finds that none of the issues involved herein is too complex for a meaningful jury determination.

Trustee asserts that he is entitled to a jury determination of his fraudulent conveyance claim. At common law, however, an action for fraudulent conveyance, in which more than damages were sought, was clearly the province of the equity courts. E.g. *In re Graham*, 747 F.2d 1383, 1387 (11th Cir.1984); *Whitlock v. Hause*, 694 F.2d 861, 864–65 (1st Cir.1982); *In re Energy Resources Co., Inc.*, 49 B.R. 278, 282 (D.Mass.1985); *Towers v. Titus*, 5 B.R. 786, 791 (N.D.Cal.1979).

To remedy the alleged fraudulent conveyances, trustee seeks reconveyance of the subject property or, alternatively, the fair value of the property, and a constructive trust. A constructive trust is clearly an equitable remedy. *Towers v. Titus, supra; In re First Fin. Group of Texas, Inc.*, 11 B.R. 67, 70 (Bankr.S.D.Tex.1981). Reconveyance of property is also an equitable remedy. E.g. *In re Graham, supra; Towers v. Titus, supra.*

Trustee's alternative demand for the value of the property, although apparently legal in nature, does not alter the equitable character of the relief sought. A

demand for monetary relief does not require a finding that the relief sought is legal or that a jury must determine the underlying issues. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260, 268 (1974); *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir.1975). As a result, a number of courts have held that a claim for fraudulent conveyance, seeking reconveyance of the property or money damages in the alternative, is an equitable action seeking equitable relief. E.g. *In re Graham, supra; In re Energy Resources Co., Inc., supra. Towers v. Titus, supra.* This court agrees with the reasoning in each of these decisions and holds that none of the issues raised by this claim requires a jury trial. In asserting a contrary conclusion, trustee relies on *In re O.P.M. Leasing Servs., Inc.*, 48 B.R. 824 (S.D.N.Y.1985) and *In re Huey*, 23 B.R. 804 (Bankr. 9th Cir. 1982). However, in each of these cases, the sole remedy sought was money damages. As a result, it was not improper to conclude that a jury trial was required. In the instant case, the primary remedy sought is reconveyance, along with damages in the alternative. Hence, the two cases cited by the trustee are distinguishable.

■ The Amended Complaint also contains a claim for breach of fiduciary duty. Historically, breach of fiduciary duty actions have been almost uniformly equitable. *In re Evangelist*, 760 F.2d 27, 29 (1st Cir. 1985). Since the remedy sought is reconveyance of the property or, alternatively, the value of the property, the remedy demanded is also equitable. See *supra* at 139. Therefore, none of the issues arising from this claim must be determined by a jury.

This holding is reinforced by the Ninth Circuit's decision in *De Pinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 836 (9th Cir.1963), *cert. denied*, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 970 (1964) in which the court held that the right to a jury trial in a breach of fiduciary duty claim depends upon the conduct underlying the alleged breach. In *De Pinto*, the court found that a jury trial was required because the conduct complained of was actionable at law based upon negligence and fraud. The court also emphasized that the only relief sought was money damages. In the instant proceeding, the underlying conduct is actionable under the theories of fraudulent conveyance and illegal corporate distribution. As discussed above, and to be discussed below, the issues raised by these claims are equitable. Moreover, the trustee seeks more than monetary relief. Therefore, the claim for breach of fiduciary duty does not require a jury determination.

■ The claim for illegal corporate distributions is the most difficult to evaluate under *Ross* in that, apparently, the action did not exist at the time the Seventh Amendment was ratified. Trustee's claim seems to be based upon section 506 of the California Corporations Code. Although the Seventh Amendment applies to statutory actions, a jury trial is only available if the particular claim is analogous to a pre-merger action at common law. *Curtis v. Loether, supra*, 415 U.S. at 195, 94 S.Ct. at 1008, 39 L.Ed.2d at 267.

Section 506 provides that a nonconsenting creditor may bring suit in the name of the corporation against any shareholder who knowingly receives a distribution that makes or would make the corporation unlikely to meet its liabilities. Cal.Corp.Code §§ 501, 506(a), (b). As such, this action is very similar to a fraudulent conveyance action.

The statute provides for recovery from the shareholder in the amount of the distribution, to the extent of liabilities owed to nonconsenting creditors at the time of the distribution. Although the statute apparently provides for monetary relief, trustee seeks reconveyance of the distributed property or, alternative, the value of the property. Given that the statutory definition of distribution includes transfers of property, Cal.Corp.Code § 166, recovery of an in-kind distribution under section 506 seems to be possible.

 Even if the trustee were limited to monetary relief for this claim, the relief sought would not be necessarily legal in nature. See *Curtis v. Loether, supra,* 415 U.S. at 196, 94 S.Ct. at 1009, 39 L.Ed.2d at 268. Monetary relief need not be characterized as legal, *Slack v. Havens, supra,* 522 F.2d at 1094, and monetary relief may flow from an equitable claim without becoming legal in nature. *Towers v. Titus, supra,* 5 B.R. at 794–95.

 Since the statutory claim is analogous to the pre-merger action for fraudulent conveyance and the remedy sought is arguably equitable in character, a jury trial is not required for this claim.

Trustee's final claim seeks reformation of a promissory note naming debtor as a payee, made by DES, Inc. in consideration for purchase of all Dunoco Development stock from debtor. Trustee demands reformation of the Note to provide an equitable return and fair compensation to the debtor.

Trustee does not seek reformation based upon fraud in the execution or a mutual mistake, resulting in a written agreement different from the understanding of the parties. Instead, reformation is sought because the debtor was allegedly unaware that the Note fails to provide for a fair return and defendants deliberately withheld this information from debtor. In such situations, reformation is possible because the nondisclosing party is deemed to have intended to enter into the agreement sought by the aggrieved party; the non-disclosing party is estopped to deny the existence of this agreement. *La Mancha Dev. Corp. v. Sheegog,* 78 Cal.App.3d 9, 16, 144 Cal.Rptr. 59 (1978); *Stare v. Tate,* 21 Cal.App.3d 432, 438, 98 Cal.Rptr. 264 (1971). See also Cal.Civ.Code §§ 3399, 3400.

 A claim for reformation is traditionally equitable in nature. See *Nat Harrison Assoc., Inc. v. Louisville Gas & Elec. Co.,* 512 F.2d 511, 512, n. 2 (6th Cir.1975); *In re Energy Resources Co., Inc., supra,* 49 B.R. at 282–83; *Lulling v. Barnaby's Family Inns, Inc.,* 87 F.R.D. 720, 721 (E.D.

Wis.1980); *In re G.S.F. Corp.,* 7 B.R. 807, 810 (Bankr.Mass.1980). Furthermore, trustee's claim for reformation is predicated upon *estopping* the defendant from denying that a fair return was not intended. Hence, a jury need not determine this claim.

IT IS ORDERED that in each of the claims asserted by the trustee, the underlying issues are equitable in nature. Therefore, the trustee's demand for a jury trial in the above-entitled adversary proceeding is hereby denied.