In re ELEGANT EQUINE, INC., Debtor.

Philip V. MARTINO, Trustee, Plaintiff,

v.

Jay WEISMAN, F.E. "Bud" Schwartz d/b/a F.E. Schwartz and Associates, Defendants.

Bankruptcy No. 91 B 05421.
Adv. No. 92 A 270.

United States Bankruptcy Court, N.D. Illinois, E.D.

May 17, 1993.

Angel Armas, Chicago, IL, for trustee.

Scott Brown, Chicago, IL, for Jay Weisman, defendant.

## MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter is before the court on the motion of the Successor Trustee, Philip Martino, to strike the jury demand of one of the defendants, Jay Weisman, for a jury trial in the instant adversary proceeding. For the reasons stated below, the court grants the Successor Trustee's motion.

### FACTS

On March 13, 1991, the Debtor, Elegant Equine, Inc., filed a petition for relief un-der Chapter 11 of the Bankruptcy Code. On April 16, 1991, this court ordered the appointment of a trustee in the Chapter 11 case. The next day, the United States Trustee appointed Weisman trustee. Following his appointment, Weisman liquidated a substantial percentage of the Debtor's inventory and other assets through Bud Schwartz, a professional liquidator. Subsequently, the case was converted to Chapter 7, and Weisman was appointed by the United States Trustee as the Chapter 7 trustee.

On March 11, 1992, James and Leslye McHugh, the principals of the Debtor, filed the instant adversary complaint against Weisman and Schwartz. In their complaint, the McHughs allege that Weisman breached his fiduciary duty as trustee of the bankruptcy estate by negligently liquidating the assets of the estate in two ways: (1) failing to account for certain assets missing from the estate; and (2) selling certain assets for less than their fair market value. The complaint seeks damages from Weisman for those alleged breaches.[1] Weisman filed an answer on March 21, 1992, and, on March 23, 1992, resigned as trustee. Two days later, Philip Martino was appointed as successor trustee.

On July 31, 1992, this court granted the Successor Trustee's motion to intervene in the McHughs' complaint, ruling that the Successor Trustee was the proper plaintiff to prosecute the McHughs' claims. On August 27, 1992, the Successor Trustee filed his own adversary complaint against Weisman and Schwartz under the same adversary number that the McHughs' complaint had been filed. Weisman filed an answer on November 18, 1992. In his answer, Weisman for the first time requested a jury trial. On February 22, 1993, the Successor Trustee filed the instant motion to strike Weisman's jury demand.

### JURISDICTION AND PROCEDURE

This court has jurisdiction over this matter under 28 U.S.C. § 1334(b) as a matter

---

1. The complaint also alleges that Schwartz, whose retention was never approved by the court, had a fiduciary duty to the estate as Weisman's agent. The allegations against Schwartz are not relevant to the instant dispute, since Schwartz has not sought a jury trial.

arising in a bankruptcy case. This proceeding is before the court pursuant to Local Rule 2.33 of the United States District Court for the Northern District of Illinois automatically referring bankruptcy cases and proceedings to this court for hearing and determination.[2]

 This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) as a matter involving the administration of the estate. *See In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2d Cir.), *vacated and remanded on other grounds*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990, *reinstated*, 924 F.2d 36 (2d Cir.1991)) (postpetition contract claims are core); *In re Arnold Print Works*, 815 F.2d 165, 168 (1st Cir.1987) (same). *But see In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.1986) (contra). The fact that this is a core proceeding in no way affects whether Weisman has a right to a jury trial. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (notwithstanding Congress' designation of fraudulent conveyance actions as core proceedings, person

sued by trustee in bankruptcy to recover an allegedly fraudulent transfer has right to jury trial).[3]

## DISCUSSION

 The sole issue in this case is whether Weisman is entitled to a jury trial under the test set forth by the Supreme Court in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).[4] Under the analysis enunciated in *Granfinanciera*, courts are to consider two factors in determining whether a litigant has a right to a jury trial: (1) whether the action brought would have been an action at law or in equity at common law; and (2) whether the remedy sought is legal or equitable in nature. *Id.* at 42, 109 S.Ct. at 2790. The second factor, the remedy sought, carries more weight. *Id.*[5]

 Under the *Granfinanciera* analysis, Weisman does not have a right to jury trial in this proceeding. Historically, breach of fiduciary duty actions have been considered to be equitable. In the words of one prominent commentator:

2. On February 16, 1993, Weisman filed a motion in the district court seeking to have the reference withdrawn, arguing that he was entitled to a jury trial and that the bankruptcy court lacked the power to conduct the jury trial. *See Matter of Grabill*, 967 F.2d 1152 (7th Cir.1992) (bankruptcy courts cannot conduct jury trials). On March 5, 1993, the district court denied the motion as premature. *See Martino v. Weisman*, No. 93 C 944 (N.D.Ill. March 5, 1993) (Conlon, J.).

3. This is true even though this court lacks the power to conduct jury trials. *Matter of Grabill*, 967 F.2d 1152 (7th Cir.1992).

4. The Successor Trustee also claims that Weisman's jury demand is untimely. The Successor Trustee relies upon Fed.R.Civ.P. 38(b), which provides that a jury demand must be made within ten days of service of the last pleading. Since Weisman did not demand a jury until well after the McHughs' complaint was filed, the Successor Trustee claims that Weisman's jury demand violates the time restriction in Fed. R.Civ.P. 38(b).

 The Successor Trustee's argument is spurious. Fed.R.Bankr.P. 9015 formerly made Fed. R.Civ.P. 38(b) applicable to bankruptcy proceedings. However, that rule was repealed in 1987. *See* Advisory Committee Note to Fed.R.Bankr.P. 9015 (1987). At present, there is no Federal

Rule of Bankruptcy Procedure governing requests for jury trials in bankruptcy proceedings. Fed.R.Civ.P. 38(b), which governs jury trial demands in civil proceedings in the district court, is inapplicable in bankruptcy cases even if the reference has been withdrawn. Bankruptcy proceedings in district court are governed by the Federal Rules of Bankruptcy Procedure, not the Federal Rules of Civil Procedure. *See* Advisory Committee Note to Fed.R.Bankr.P. 1001 (1987).

 Moreover, even if Fed.R.Civ.P. 38(b) did apply in this proceeding, it is not at all clear that Weisman's demand was untimely. Although Weisman's demand was not made within ten days of the McHughs' complaint, it was made within ten days of the filing of the Successor Trustee's complaint. It could easily be argued that the filing of the Successor Trustee's complaint, not the filing of the McHughs' complaint, was the "last pleading" to which Fed.R.Civ.P. 38(b) refers. *See generally* 5 *Moore's Federal Practice* ¶ 38.39[2] (1991).

5. The *Granfinanciera* court also held that, even if a litigant otherwise would be entitled to a jury trial, Congress can effectively deprive the litigant of the right by assigning the claim to "an administrative agency or specialized court of equity," but only if the cause of action involves a "public," as opposed to "private," right. *Id.* at 42 n. 4, 109 S.Ct. at 2790 n. 4. Public rights are

"The court of equity first recognized the trust as a legal institution and has fostered and developed it. The beneficiary naturally goes to this court for protection of his rights under the trust ... Equity has generally been held to have exclusive jurisdiction to assist the beneficiary where the basis of the suit is the negligence of the trustee in managing the trust property."

Bogert, *The Law of Trusts and Successor Trustees* § 870 at 96, 99 (2d. rev. ed. 1982).

*See also Hukill v. Page*, 6 Biss. 183, [12] F.Cas. [850,] No. 6854 (1874); *Bishop v. Houghton*, 1 E.D. Smith 566 (N.Y.1852); Co.Lit. 272b.

Indeed, every court to consider this issue in the context of bankruptcy proceedings has held that breach of fiduciary duty actions are equitable. *See, e.g., In re Jensen*, 946 F.2d 369, 371 (5th Cir.1991); *In re Hooper*, 112 B.R. 1009, 1012 (9th Cir. B.A.P. 1990); *In re American Solar King*, 142 B.R. 772, 775–76 (Bankr.W.D.Tex. 1992); *In re Brenner*, 119 B.R. 495, 496–97 (Bankr.E.D.Pa.1990); *In re E Z Feed Cube Co., Ltd.*, 115 B.R. 684, 687 (Bankr.D.Or. 1990); *In re Dunoco Corp.*, 56 B.R. 137, 140 (Bankr.C.D.Cal.1985). *See also Local No. 391 v. Terry*, 494 U.S. 558, 567, 110 S.Ct. 1339, 1346, 108 L.Ed.2d 519 (1990) (stating in dictum that actions involving breaches of fiduciary duty by a trustee are exclusively equitable in nature).[6]

Furthermore, the remedy sought by the Successor Trustee in the instant proceeding is equitable, not legal. The Successor Trustee seeks to recover damages from Weisman for Weisman's alleged breach of fiduciary duty in administering the Debtor's estate. Generally, an action for money damages is the "traditional form of relief offered in the courts of law." *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1979). In *Local 391 v. Terry*, 494 U.S. 558, 569, 110 S.Ct. 1339, 1347, 108 L.Ed.2d 519 (1990), however, the Supreme Court noted that monetary relief need not be characterized as legal. Rather, the *Terry* court ruled that where damages sought were incidental to or intertwined with equitable relief, the damages should be characterized as equitable. *Id.* at 571, 110 S.Ct. at 1348 n. 8.

■ Here, even though the ultimate relief sought is monetary damages, the nature of the relief sought is, in effect, a suit for an accounting with a request to hold Weisman personally liable for the damages, if any, incurred by the estate from any shortcomings in Weisman's execution of his duties as trustee. *See American Solar King*, 142 B.R. at 776; *Brenner*, 119 B.R. at 497; *Dunoco*, 56 B.R. at 140. Therefore, the damages sought in this case are clearly intertwined with equitable relief. *See Terry*, 494 U.S. at 570–72, 110 S.Ct. at 1348. Thus, under *Terry*, the Successor Trustee's action clearly seeks an equitable remedy. *See American Solar King*, 142 B.R. at 776; *Brenner*, 119 B.R. at 497; *Dunoco*, 56 B.R. at 140.

■ Because the Successor Trustee's action was an action in equity at common law and seeks an equitable remedy, Weisman is not entitled to a jury trial. *See also*

---

not limited to those which arise between the government and others. *Id.* at 54, 109 S.Ct. at 2797. Rather, public rights also include those rights created by Congress "acting for a valid legislative purpose pursuant to its constitutional powers under Article I" which are seemingly private but are "... so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary." *Id.* at 54–55, 109 S.Ct. at 2797.

Because the court denies Weisman's right to a jury trial on other grounds, the court need not reach this issue.

**6.** Over the years, a limited exception to the exclusive jurisdiction of the equity courts in actions involving breaches of fiduciary duties has been recognized. In *Jefferson Nat'l Bank v. Central Nat'l Bank in Chicago*, 700 F.2d 1143, 1149 (7th Cir.1983), the Seventh Circuit held that where the liability of the trustee is definite and clear and no accounting is necessary to establish it, a remedy at law is permitted.

These types of cases involving situations in which the trustee is under an immediate and unconditional duty to pay money or turn over chattel to the beneficiary. *See E Z Feed Cube*, 115 B.R. at 687. In the instant proceeding, however, Weisman is under no such duty; Weisman's liability to the estate has not been established. Thus, the limited exception does not apply to the instant proceeding.

*Jefferson Nat'l Bank*, 700 F.2d at 1150 (beneficiary suing to compel the trustee to redress a breach of trust by refunding to the trust estate has no right to jury trial where "limited exception" created in *Jefferson* does not apply).[7]

### CONCLUSION

For the reasons stated above, this court grants the Successor Trustee's motion to strike Weisman's jury demand.

---

**7.** Moreover, even if Weisman had a right to a jury trial under *Granfinanciera,* that right was waived because Weisman submitted to the equitable jurisdiction of the court. *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990); *Granfinanciera,* 492 U.S. 33, 109 S.Ct. 2782; *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Langenkamp,* the Supreme Court reiterated a rule enunciated in *Katchen* and reaffirmed in *Granfinanciera* that a creditor who files a claim against the bankruptcy estate has submitted to the equitable claims resolution process in the bankruptcy court and thus has waived any right to a jury trial involving that claim. *Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. at 331; *Granfinanciera,* 492 U.S. at 58–59, 109 S.Ct. at 2799; *Katchen,* 382 U.S. at 336, 86 S.Ct. at 476.

The logic of *Langenkamp, Granfinanciera,* and *Katchen* necessarily leads to the conclusion that Weisman submitted himself proposition that those who voluntarily participate in a bankruptcy case consent to have their rights against the estate and the estate's rights against them resolved by the bankruptcy court (or the district court sitting as a bankruptcy court) in proceedings in equity without jury trial rights. Here, by voluntarily agreeing to be the Chapter 11 and Chapter 7 trustee, Weisman submitted his administration of the case and questions related to it to the bankruptcy process. *See* Fed. R.Bankr.P. 2008 (trustee must affirmatively accept appointment). *See also, e.g.,* 11 U.S.C. § 326 (trustee's fees must be approved by court). Under *Langenkamp, Granfinanciera,* and *Katchen,* Weisman, by submitting himself to the equitable jurisdiction of the bankruptcy court to oversee the conduct of fiduciaries administering the estate, waived any rights he may have had to have questions about his administration of the estate determined by a jury.