UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: FRED W. ALLNUTT, SR.,
Debtor.

FRED W. ALLNUTT, SR.,
Plaintiff-Appellant,

v.

No. 96-1302

STEPHEN L. WILCOXSON,
Defendant-Appellee,

MARK J. FRIEDMAN,
Trustee-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-95-3354-HAR, BK-94-5413)

Submitted: December 31, 1996

Decided: January 13, 1997

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Lowell Harrison Becraft, Jr., Huntsville, Alabama, for Appellant. Stephen L. Wilcoxson, Appellee Pro Se; Mark Jerome Friedman, PIPER & MARBURY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred W. Allnutt, Sr., appeals from the district court's orders dis-
missing his appeal from the bankruptcy court for failing to timely file
a brief and denying his motion for reconsideration. He contends that
the federal courts lack jurisdiction over this proceeding, which was
initially filed in state court, that the district court erred in dismissing
his appeal, and that the bankruptcy court erred in imposing sanctions.
We vacate the district court's order and remand this action to the dis-
trict court for further proceedings.

Allnutt issued a subpoena to Stephen L. Wilcoxson seeking to take
his deposition pursuant to Maryland Rule 2-404, which allows for the
taking of a deposition to perpetuate evidence before a civil action is
filed. Allnutt stated his intent to file an action in the Circuit Court for
Howard County, for quiet title, recovery, and other relief with respect
to expensive race car assets that were sold to persons known to Wil-
coxson, the vice president of Atlantic Auctions, Inc. Allnutt asserted
that the race car assets were improperly sold because the assets were
not part of his bankruptcy estate.

Wilcoxson removed the "action" from state court to the bankruptcy
court where Allnutt's bankruptcy proceeding was pending. Allnutt
opposed the removal, asserting that the proposed deposition was not
a civil action which could be removed to bankruptcy court.

The bankruptcy court quashed the subpoena against Stephen Wil-
coxson, denied Allnutt's motion to remand the case, and dismissed
the adversary proceeding. The court treated the removed notice of
deposition as a petition for perpetuation of testimony and found that
Allnutt lacked standing to challenge the sale of the assets and failed
to state why perpetuation of testimony was necessary. The court
imposed $5,000 in sanctions against Allnutt, finding that he initiated

2

the state court action without substantial justification and for the improper purpose of harassment.

Allnutt noted his appeal. Although he timely filed his designation of the record and statement of issues, Allnutt filed his appeal brief one day late, along with a motion to extend the due date of the brief by one day. He asserted that the brief "took longer to prepare than anticipated, considering the requirements of work and seasonal responsibilities."

The district court noted that Allnutt filed ten previous cases in that court and is aware of the filing deadlines. Because of Allnutt's experience, the court required him to meet the deadlines, denied his motion for an extension, and dismissed the appeal. Allnutt moved for reconsideration pursuant to Fed. R. Civ. P. 59(e), asserting that the time limits for filing briefs are not jurisdictional and that his one-day delay in filing his brief was justified and resulted in no prejudice to the Appellee. The district court denied the motion. Allnutt appeals.

Any claim or cause of action related to a bankruptcy case may be removed to a federal district court "if such district court has jurisdiction of such claim or cause of action" under 28 U.S.C.A. § 1334 (West 1993 & Supp. 1996). 28 U.S.C. § 1452 (1994). The deposition notice filed by Allnutt in the state court pursuant to Maryland Rule 2-404, is similar to a petition to perpetuate testimony as authorized by Fed. R. Civ. P. 27, which is incorporated into Bankruptcy Rule 7027. The purpose of Maryland Rule 2-404 is to preserve evidence that might become unavailable. Allen v. Allen, 659 A.2d 411, 417 (Md. Ct. Spec. App. 1995). A petition to perpetuate testimony is not a separate action, but is "an ancillary or auxiliary proceeding." Shore v. Acands, Inc., 644 F.2d 386, 389 (5th Cir. May 1981). Such a proceeding does not have an independent basis of federal jurisdiction, see General Motors Corp. v. Gunn, 752 F. Supp. 729 (N.D. Miss. 1990), but rather, its jurisdictional basis is dependent on the anticipated civil action.

Allnutt's subpoena for a deposition to perpetuate evidence was to obtain evidence for use in filing an action to challenge the bankruptcy court's sale of the race car assets. Challenges to the propriety of sales of assets of the bankruptcy estate are core bankruptcy proceedings

3

pursuant to 28 U.S.C. § 157(b)(2)(A) (1994). See In re Elegant Equine, Inc., 155 B.R. 189, 191 (Bankr. N.D. Ill. 1993); In re American Solar King, 142 B.R. 772 (Bankr. W.D. Tex. 1992). Because the bankruptcy court would have jurisdiction over the anticipated underlying action, the subpoena action to perpetuate testimony was properly removed to the bankruptcy court. See 11 U.S.C. Rule 9027.

Bankruptcy Rule 8009(a)(1) provides that the appellant must serve and file a brief within 15 days after entry of the appeal on the docket. 11 U.S.C. Rule 8009(a)(1) (1994). To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." Id. at 1311. Proper application of the Serra test requires the court to consider and balance all relevant factors.

In this case, Allnutt admittedly did not timely file his brief as required by Rule 8009. The district court dismissed the appeal, noting Allnutt's experience with the procedures. However, the district court did not examine Allnutt's failure to make this non-jurisdictional filing in light of Rule 8001(a) and the balancing test set forth in Serra Builders and explained in SPR Corp. This failure by the district court to actually exercise its discretion by considering and balancing all relevant factors amounts to an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly we vacate the district court orders dismissing Allnutt's appeal and denying his motion for reconsideration and remand this case to the district court for application of Bankruptcy Rule 8001(a), as explained in Serra Builders and SPR Corp.. In light of this disposition, we do not address the propriety of the bankruptcy court's imposition of sanctions. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5