In re JAMES E. O'CONNELL
CO., INC., Debtor.

FLAVOR DRY, INC.,
Plaintiff–Appellant,

v.

Kal W. LINES, Defendant–Appellee.

Bankruptcy No. 1–82–000–7.
C–87–2110–JPV.

United States District Court,
N.D. California.

Feb. 8, 1988.

William M. Lukens, Donald Drummond, Martha Rosenberg, Lukens, Cooper, Perry & Drummond, San Francisco, Cal., for plaintiff-appellant.

Philip M. Arnot, Eureka, Cal., for defendant-appellee.

ORDER AFFIRMING ORDER OF BANK-RUPTCY COURT FOR THE NORTH-ERN DISTRICT OF CALIFORNIA AND DISMISSING APPEAL

VUKASIN, District Judge.

Plaintiff Flavor Dry, Inc.'s appeal from the order of the United States Bankruptcy Court, the Honorable Conley S. Brown, presiding, of February 25, 1987, denying Flavor Dry's motion for payment on the trustee bond, came before this Court on October 1, 1987. The matter was submitted on the pleadings. The Court has reviewed the briefs, transcripts, and other documentation submitted in support of and in opposition to this appeal and makes the following findings and conclusions.

## BACKGROUND

In January, 1982, the James E. O'Connell Company, Inc., an apple dehydration operation, filed for reorganization under Chapter 11 of the Bankruptcy Code. The proceed-

ing was converted to one under Chapter 7 in January, 1983, and Kal W. Lines was appointed trustee for the bankruptcy estate. On May 2, 1983, St. Paul Fire and Marine Insurance Company ("St. Paul") issued a bankruptcy bond in the amount of $60,000.00, naming Kal W. Lines as principal and naming St. Paul as surety. The bond stated in pertinent part:

> if the said Principal shall obey such orders as said Court may make in relation to said trust, and shall faithfully and truly account for all monies, assets, and effects of the estate of said Debtor which shall come into his or her hands and possession, and shall in all respects faithfully perform all his or her official duties, then this obligation to be void [sic]; otherwise to remain in full force and virtue.

On January 17, 1984, the bond amount was increased to $90,000; on August 27, 1984, to $112,000; and on October 11, 1984, to $245,000.

In April, 1983, Flavor Dry was formed by former O'Connell Company officer Daniel J. O'Connor, attorney William Lukens, and a third individual, for the purpose of, *inter alia,* purchasing the O'Connell Company dehydration business and residences. Flavor Dry negotiated with Lines to purchase the O'Connell Company property and gave Lines an earnest money deposit of $42,500. The sale broke down and Flavor Dry sued Lines for breach of contract and conversion.

On May 15, 1985, the United States District Court for the Northern District of California, the Honorable Charles A. Legge, presiding, granted judgment in favor of plaintiff Flavor Dry in the amount of $163,000. The Court found that Lines' refusal to return Flavor Dry's deposit constituted a conversion and that Lines' failure to complete the land sale constituted an anticipatory breach of contract. The judgment was against Lines "in his capacity as bankruptcy trustee of the debtor, James E. O'Connell Co., Inc., and not in his individual capacity." The judgment included conversion damages consisting of the $42,500 earnest money deposit and a $1,500 advance

rent payment, which the Court ordered Lines to return to plaintiffs immediately, and lost profits damages arising from the breach of contract. *See In re James E. O'Connell Company, Inc.,* No. C–83–3988–CAL (N.D.Cal. May 15, 1985), *aff'd,* 799 F.2d 1258 (9th Cir.1986). Lines subsequently paid plaintiffs the $42,500 deposit and $1,500 advance rent payment.

On December 12, 1986, Flavor Dry again came before Judge Legge and moved the court for injunctive relief ordering St. Paul to pay Flavor Dry the remaining outstanding amount of the judgment against Lines, plus interest (the total amount of principal plus interest now exceeds $140,000), based upon its surety bond. The Court found that the motion raised issues properly reserved for the Bankruptcy Court, and thus ordered Flavor Dry to file a motion for order of payment under the surety bond in the United States Bankruptcy Court.

Flavor Dry then filed its motion in the Bankruptcy Court. On February 25, 1987, the United States Bankruptcy Court denied Flavor Dry's motion for payment on the trustee's bond on three grounds. First, it found that Bankruptcy Rule 2010(d) requires that an adversary proceeding be brought in order to recover against the trustee's bond. Second, it found that the surety bond is a fidelity bond, and that St. Paul's duty to pay arises only if the trustee acts outside his official capacity. The Bankruptcy Court also found that the district court's judgment was against Lines in his capacity as trustee and not against him personally. Third, the Bankruptcy Court found that the motion was premature because it is an action against the estate which can only be paid after a noticed accounting has taken place and the Bankruptcy Court has ordered payment. Flavor Dry now appeals this order of the Bankruptcy Court.

### DISCUSSION

*1. Adversary Proceeding Ground*

█ Flavor Dry first argues that the Bankruptcy Court erred by ruling that a proceeding against the trustee's bond can only be filed as an adversary proceeding.

Flavor Dry argues that Bankruptcy Rule 9025 permits a proceeding against a trustee's bond to be determined on motion and not necessarily by an independent action. Rule 9025 states in part that, "liability [of the surety on the bond] *may* be determined in an adversary proceeding governed by the rules in Part VII" (emphasis supplied). The Advisory Committee Note to Rule 9025 states that it is an adaptation of Rule 65.1, F.R.Civ.P., which states in part that "[t]he surety's liability may be enforced on motion without the necessity of an independent action." Flavor Dry argues that by using the word "may" in Rule 9025, the Advisory Committee intended to permit proceedings against trustee's bonds to be determined on motion in the Bankruptcy Court.

Lines argues that both Bankruptcy Rules 9025 and 2010(d) require a proceeding against a trustee's bond to be an adversary proceeding. Rule 2010(d) states that "[a] proceeding on the trustee's bond *may* be brought by any party in interest in the name of the United States for the use of the person injured by the breach of the condition" (emphasis supplied). The Advisory Committee Note to Rule 2010(d) states in part that "[a] proceeding on the bond of a trustee is governed by the rules in Part VII." The rules in Part VII govern adversary proceedings in bankruptcy.

This Court finds that the Bankruptcy Court correctly concluded that a proceeding against a bankruptcy trustee's bond must be filed as an adversary proceeding. Contrary to Flavor Dry's construction of Rules 2010(d) and 9025, those rules do not allow a surety's liability to be determined on motion. Both rules state that a proceeding "may" be brought pursuant to the rules in Part VII; however, "may" is used as an enabling verb, not as an indication that there are procedures available other than an adversary proceeding under Part VII. *See* Rule 2010(d), Advisory Committee Note. Had the Committee intended that a proceeding against a trustee's bond be determined on motion, it could have expressly provided for such a procedure.

The Court also does not find that Judge Legge's order referring this matter to the Bankruptcy Court requires that the surety's liability be determined on motion; rather, the order merely refers the matter to the Bankruptcy Court for further determination. Accordingly, the Court finds that the Bankruptcy Court did not commit reversible error in holding that a proceeding against a trustee's fidelity bond may only be filed as an adversary proceeding pursuant to Part VII of the Bankruptcy Rules.

## 2. Fidelity Bond Ground

■ Flavor Dry's second argument is that the Bankruptcy Court committed reversible error in concluding that the surety bond in question was a fidelity bond that did not cover Lines' liability for the breach of contract judgment. The judgment was against Lines in his capacity as trustee and not against him personally. Flavor Dry argues that, pursuant to 11 U.S.C. § 704, Lines failed to perform faithfully his duties as trustee and did not act in the best interests of the estate by breaching the land sales contract with Flavor Dry. Flavor Dry further argues that the bond covers unfaithful performance of a trustee's duties, and therefore St. Paul owes it the outstanding judgment amount. Flavor Dry also cites *Gutschenritter v. Whitmore*, 158 Iowa 252, 139 N.W. 567 (1913) for the proposition that a surety is liable for the principal's acts of conversion.

The Court finds that the Bankruptcy Court did not err in concluding that the bond is a fidelity bond. The bond provides that the surety's obligation arises only if the trustee fails to obey the Bankruptcy Court's orders or fails to account faithfully and truly for all monies and assets of the bankruptcy estate. The district court's ruling that Lines, in his capacity as trustee, breached his contract with Flavor Dry, does not amount to a violation of a bankruptcy court order nor does it amount to a failure to account faithfully for all monies and assets of the estate.

Flavor Dry attempts to characterize the entire remaining outstanding judgment as damages resulting from Lines' conversion

of the $42,500 deposit and the $1,500 advance rent payment. This characterization is wrong. The remaining outstanding judgment is lost profits due to the breach of contract. This is clear from Judge Legge's order, which breaks out the amount that was converted, which Judge Legge ordered to be repaid immediately, from the amount that was lost profits due to the breach of contract. As the Ninth Circuit has already noted in this case, "Flavor Dry's expert witness ... stated that, but for the *breach*, Flavor Dry's net, pre-tax cash flow from the O'Connell plant would have been $163,000." *In re James E. O'Connell Company, Inc.*, 799 F.2d at 1262 (emphasis supplied). Thus, even if St. Paul is liable for the trustee's conversion of Flavor Dry's funds, this obligation was extinguished when the deposit was repaid. Accordingly, the Bankruptcy Court did not err in concluding that the trustee's bond did not cover the liability of Lines for breach of contract.

### 3. *Administrative Claim Ground*

■ Flavor Dry's third argument is that the Bankruptcy Court erred in concluding that the district court's judgment is an administrative claim that may not be paid until the bankruptcy estate is settled. Flavor Dry cites *In re Steve's Furniture Warehouse, Inc.*, 46 B.R. 80, 82 (S.D.Cal. 1985), for the proposition that a surety is immediately liable upon default of the principal.

The Court finds that it need not address this issue because Flavor Dry has not proved in an adversary proceeding that St. Paul is liable on the bond. Thus, the issue of whether St. Paul is immediately liable as surety for its principal's debt is rendered moot.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Order of February 25, 1987, of the United States Bankruptcy Court for the Northern District of California denying Flavor Dry, Inc.'s, motion for payment on the trustee's bond is AFFIRMED. Flavor Dry's appeal of the Bankruptcy Court's Order is DISMISSED.