In re DIRECT SATELLITE COMMUNI-
CATIONS, INC., Debtor.

DECHERT PRICE & RHOADS,
Counterclaim–Defendant and
Third Party Plaintiff,

v.

DIRECT SATELLITE COMMUNICA-
TIONS, INC.,
Counterclaim–Plaintiff,

v.

Errett L. CARPENTER and Christopher
Illick and Thomas K. McNeil and Kevin
P. O'Brien, Third Party Defendants.

Bankruptcy No. 85–05571S.
Adv. No. 87–1071S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 23, 1988.

As Amended Oct. 3, 1988.

**8**

See also, Bkrtcy., 91 B.R. 5.

---

Spencer Ervin, Jr., Philadelphia, Pa., for debtor.

Louis W. Fryman, Philadelphia, Pa., for counterclaim-defendant and third party plaintiff.

Thomas M. Kittredge, Philadelphia, Pa., for third party defendants.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

In *In re Jackson, Leonard v. Wessel*, 90 B.R. 126, 133–135 (Bankr.E.D.Pa.1988), we held, though not without some reservations, that a bankruptcy court could conduct a jury trial in a core proceeding (or a non-core proceeding which all parties agreed that the court could determine, *see* 11 U.S.C. § 157(c)(2), at 134 n. 7), where the proceeding was at law rather than equitable in nature. In so holding, we followed the decision of our own district court in *In re Kenval Marketing Corp.*, 65 B.R. 548, 553–55 (E.D.Pa.1986), that there was at least a narrow class of proceedings that were core, but legal in nature, despite our awareness of the presence of decisions in two other circuits concluding that jury trials could not be conducted by bankruptcy courts in any core proceedings, because such proceedings were perforce equitable in nature. *In re Harbour*, 840 F.2d 1165, 1179 (4th Cir.1988), *cert. filed sub nom. Perkinson v. Hoffman*, 56 U.S.L.W. 3807 (U.S. April 25, 1988); and *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1349 (11th Cir.1988), *cert. granted sub nom. Granfinanciera v. Nordberg*, — U.S. —, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988).

█ The instant proceeding has been maintained from the outset as a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(C), *i.e.*, it asserts a counterclaim against a person who filed a proof of claim against the estate. We believe that such a proceeding is equitable in nature. Certainly, the claims process itself is equitable in nature, *i.e.*, no jury trials are permitted in litigating objections to proofs of claim. The litigation of a counterclaim against persons filing claims should not change the underlying nature of the proceeding as a function of the claims process. The fact that we allowed the claimant to join third-party defendants pursuant to our pendent jurisdiction should not and we believe does not alter the underlying nature of the pro-

ceeding. We also note that the jury trial demand was made by neither the Debtor, nor the claimant, the principles in the claims process, but by one (out of four) of the third-party defendants. The pendent claim against a third-party should not change the underlying nature of a proceeding.

■ We further note that we believe that it would be against public policy to construe the category of proceedings in bankruptcy court which are actions at law broadly. The right to jury trial in bankruptcy courts must be narrowly construed, lest bankruptcy courts lose their essence as swift purveyors of justice to claimants in the many cases before them. Therefore, under the reasoning of *Jackson* and the holding of *Kenval Marketing*, we conclude that it would be an error to conduct a jury trial here. *Accord, In re Pro Machine, Inc.*, 87 B.R. 998, 1001–04 (Bankr.D.Minn. 1988).

■ We also note that the claimant argued vigorously, and with some force, that the party demanding the jury trial, Kevin P. O'Brien, waived same by the following conduct: (1) Failing to notify the court of the demand in timely fashion by not rectifying the omission of the presence of the request on the docket. *Cf. Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.1979); *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365 (E.D.Pa.1976); and 5 J. MOORE, FEDERAL PRACTICE, ¶ 38.40, at 38–363 (2nd ed. 1988); and (2) Failing to mention this request, despite a stream of pre-trial orders and proceedings which should have made it obvious that the court was prepared to try the matter non-jury, until the midst of a final conference call (initiated for the purpose of establishing dates that the court would be available) eleven days before trial on September 15, 1988. We believe that these proceedings indicated a far more firm commitment towards conduct of a non-jury trial than the single "offhand remark" by the court in *Heyman v. Kline*, 456 F.2d 123, 127–30 (2d Cir.1972). As Moore suggests, it is vital that the court be apprised of jury demands as promptly as possible to properly sched-

ule matters on its calendar. O'Neill, by his counsel, was guilty of a gross breach of concern for this consideration.

However, given our reluctance to find waiver of the right to a jury trial, *see Jackson, supra,* 90 B.R. at 131–133, we believe that waiver, even under these aggravated and aggravating circumstances, is only an alternative ground for our holding. We simply believe that no right of jury trial arises in any proceeding which, like the matter in issue here, is expressly maintained pursuant to 28 U.S.C. § 157(b)(2)(C).

ORDER

AND NOW, this 23rd day of September, 1988, upon consideration of the motion of Dechert Price & Rhoads to strike the jury demand of third party defendant Kevin P. O'Brien and after careful consideration of same and oral argument from interested parties on September 22, 1988, it is hereby

ORDERED AND DECREED that said motion is GRANTED, and this proceeding shall be tried non-jury.