In re LIGHT FOUNDRY
ASSOCIATES, Debtor.

LIGHT FOUNDRY
ASSOCIATES, Plaintiff,

v.

Jerome ALTER, CPA, Defendant.

Bankruptcy No. 89–12182S.
Adv. No. 89–0980S.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 29, 1990.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

The issue before us in the instant adversary proceeding is whether the Defendant, the Debtor's former accountant, who filed a Proof of Claim in this case prior to the institution of the proceeding in question and who failed in a motion to withdraw the reference of this proceeding to this district court, is entitled to a jury trial of this proceeding in this court. While we agree with the Defendant, consistent with our holding in *In re Jackson*, 90 B.R. 126, 133–35 (Bankr.E.D.Pa.1988), *appeal pending*, as reinforced by the decision in *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir. 1990), that this bankruptcy court could conduct a jury trial if same were warranted, we conclude that the Supreme Court's decision in *Granfinanciera v. Nordberg*, — U.S. ——, 109 S.Ct. 2782, 2797–2802, 106 L.Ed.2d 26 (1989), has excluded proceedings in which the non-debtor party has filed a proof of claim from the scope of the proceedings in which a jury trial can be permitted. Therefore, no jury trial is appropriate in this core proceeding, which presents to us counterclaims to the Defendant's proof of claim, pursuant to 28 U.S.C. § 157(b)(2)(C).

On June 13, 1989, the Debtor, a partnership which owns and manages an apartment complex in Pottstown, Montgomery County, Pennsylvania, filed the underlying voluntary Chapter 11 bankruptcy petition. On August 3, 1989, the Defendant filed a proof of claim in this case in the amount of $12,315, which it alleged represented unpaid bills for pre-petition accounting services performed on behalf of the Debtor.

On October 26, 1989, the Debtor initiated the instant adversary proceeding by filing a four-count Complaint against the Defendant. The Debtor alleged that, in addition to performing accounting services for the Debtor, the Defendant had entered into two subscription agreements with the Debtor requiring it to contribute a total of $12,623.50 to the Debtor's venture. In Count One, the Debtor sought to recover this sum, part of which was unpaid and part of which had been allegedly improperly set off against the Defendant's bill for services. Count Two sought to invalidate a promissory note in the amount of $10,000 which the Debtor delivered to the Defendant but was payable only upon certain conditions which had allegedly not transpired. Then, in Counts Three and Four, the Debtor alleged that the Defendant breached the contract with the Debtor whereby he provided his accounting services to the Debtor and was guilty of malpractice, respectively, entitling the Debtor to damages in excess of $730,000 as to each Count.

On December 29, 1989, the Defendant filed an Answer to the Complaint which included what was termed a Counterclaim alleging that the Debtor's non-party general partner, Roy Hollabaugh, was liable over to the Defendant for any damages to which he was found liable to the Debtor. The Defendant also filed a demand for a jury trial on that date, and, on January 9, 1990, filed a motion in the district court to withdraw the reference of this proceeding to the district court.

On the following day, January 10, 1990, the matter was initially listed for trial before this court. After a conference with counsel, we entered an Order and Pre–Trial Order of January 11, 1990, which stated, *inter alia*, that we would request the parties to brief the issue of whether the Defendant was entitled to a jury trial if the reference of the proceeding were not withdrawn and which established deadlines for discovery and other pre-trial submissions, culminating in a trial on April 18, 1990.

In its motion seeking to withdraw the reference of this proceeding, the Defendant

apparently argued to the district court that, while Counts I and II stated causes of action which were core, Counts III and IV stated non-core causes of action; that he was entitled to a jury trial as to at least Counts III and IV; and that allowing this court to hear and decide these non-core matters would be inappropriate. *See, e.g., In re Globe Parcel Service, Inc.,* 71 B.R. 323, 327 (E.D.Pa.1987); and *Jackson, supra,* 90 B.R. at 235 n. 7 (reference should be withdrawn if a jury trial is properly demanded in a non-core proceeding unless the parties consent to the determination of the proceeding by the bankruptcy court).

The Debtor countered by arguing that all aspects of this proceeding were counterclaims to the Defendant's proof of claim and hence were core in nature, pursuant to 28 U.S.C. § 157(b)(2)(C).

On February 23, 1990, the district court, in Misc. No. 90–52, entered an Order indicating complete acceptance of the Debtor's argument that the entire proceeding was core under 28 U.S.C. § 157(b)(2)(C) and denying the motion to withdraw the reference.[1] The Order did not directly address the Defendant's request for a jury trial, but could be read to imply that any such request was denied.

In light of this Order, we entered an Order of our own on March 2, 1990, requesting the parties to submit briefs addressing the jury trial issue on or before March 19, 1990, referencing them to *Granfinanciera, Jackson,* and our prior decision in *In re Direct Satellite Communications, Inc.,* 91 B.R. 7, 8–9 (Bankr.E.D.Pa.1988). On March 6, 1990, the parties directed a joint letter to the court requesting that, due to the pendency of the tax season until just before trial, the trial be set back sixty days.

In light of the district court's Order of February 23, 1990, the Defendant is virtually precluded from arguing that this bankruptcy court cannot conduct a jury trial. Consistent with our holding in *Jackson,*

*supra,* 90 B.R. at 133–35, and the recent accordance of the Second Circuit in *Ben Cooper, supra,* we agree that this court, in the narrow circumstances where same is appropriate, may conduct a jury trial. However, the Defendant apparently ignores the controlling district court determination that this entire proceeding is core in nature. He continues to argue that Counts III and IV are non-core. In light of the district court's decision, which we believe is correct as well as controlling, the law of the case dictates that all Counts of the Complaint must be found to be core. *See Cowgill v. Raymark Industries, Inc.,* 832 F.2d 798, 802–04 (3d Cir.1987).

The Defendant then launches into a discussion supporting its claim of a right to a jury trial, at least as to Counts III and IV, on the basis of *Granfinanciera.* He hypothesizes that, in *Granfinanciera,* the court "formulated at two-pronged analysis" to determine whether a jury trial was necessary or not upon request, focusing on whether the action was traditionally legal according to the eighteenth-century law in effect when the Seventh Amendment was enacted and whether the remedy sought in the proceeding was legal or equitable in nature.

It is true that, in *Granfinanciera,* the Court considered the two tests posited by the Defendant in determining whether a jury trial was required under the dictates of the Seventh Amendment, irrespective of the fact that the case in point arises in a bankruptcy context. 109 S.Ct. at 2790–94. It also appears that both of these tests are satisfied here. The contract and malpractice Counts of the Complaint do appear to be traditionally legal in nature, as does the relief sought by the Debtor, *i.e.,* considerable monetary damages.

The difficulty with the Defendant's position is that it fails to acknowledge that there is a *third* prong to the *Granfinanciera* analysis. After completing its analysis

---

1. We note that a neighboring district court in a factually similar malpractice case by a debtor against its pre-petition accountant, *In re Oliver's Stores, Inc.,* 107 B.R. 40 (D.N.J.1989), not only withdrew the reference of the proceeding, but abstained from hearing it. However, *Oliver's Stores* is distinguishable because the defendant-accountant in that case apparently did not file a proof of claim in the debtor-client's bankruptcy case.

of the nature of the action and the remedy sought, the Court, in *Granfinanciera*, launches into a lengthy discussion of whether private rights or public rights are in issue, *id.* at 2794–2802, and acknowledges that, if public rights are implicated, Congress could permissibly block application of the Seventh Amendment jury-trial rights to the disposition of certain controversies. *Id.* at 2795. Courts and commentators have consequently consistently described the analysis of the Court in *Granfinanciera* as presenting a *three*-prong rather than *two*-prong test. *See In re Kaiser Steel Corp.,* 109 B.R. 968, 974 (D.Colo.1989); *In re Friedberg,* 106 B.R. 50, 55 (Bankr.S.D.N.Y.1989); *In re O'Sullivan's Fuel Oil Corp.,* 103 B.R. 388, 391 (Bankr.D.Conn.1988); and L. Kaiser, *"The Jury Is Still Out,"* 1989 NORTON BANKR.L. & ADV. 1, 2 (No. 8, August, 1989) (hereinafter cited as *"Kaiser"*).

Pertinent to the instant matter is the portion of the discussion of this third prong of the *Granfinanciera* test, 109 S.Ct. at 2798–99, in which the Court, quoting *Katchen v. Landy,* 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966), concludes that, when an issue " 'arises as part of the process of allowance and disallowance of claims, it is triable in equity.' " 109 S.Ct. at 2799. Thus, the Court concludes that "a creditor's right to a jury trial ... depends on whether the creditor has submitted a claim against the estate." *Id.* at 2799. In a footnote, the Court explains that its reaffirmance of the *Katchen* holding that parties who file claims in a debtor's bankruptcy case are not entitled to a jury trial is *not* based upon the concept of waiver "because creditors lack an alternative forum to the bankruptcy court." *Id.* at 2799 n. 14. Rather, it is apparently based upon the concept that the bankruptcy claims process involves determination of public rights, resolution of which has been determined by Congress to be a summary process incompatible with the extensive process which would result from conducting a jury trial.

Therefore, a principle established by *Granfinanciera* is that the filing of a proof of claim has a "preclusive effect" on a party's right to a jury trial. *Friedberg, supra,* 106 B.R. at 55. *Accord, e.g., In re Paris Industries Corp.,* 106 B.R. 344, 345 (Bankr.D.Me.1989); Kaiser, *supra,* at 4–5; and A. Mullen, *The Jury Trial Issue in Bankruptcy Cases*—Granfinanciera, S.A. v. Nordberg, 1 BANKR.L.REV. 5, 7 (Winter, 1990, No. 4).

There is some question as to how far to carry this principle that filing a proof of claim eviscerates a non-debtor's right to demand a jury trial. In *In re Corey,* 892 F.2d 829, 836–37 (9th Cir.1989), a jury trial was denied to "the controlled instrumentality of an entity" that had itself filed a claim, and hence the "controlled instrumentality," though not having filed a claim itself, was held not to be entitled to a jury trial. In *Kaiser Steel, supra,* 109 B.R. at 975–76, the court concludes that the mere filing of counterclaims by non-debtor parties sued by the debtor, which parties had not filed formal proofs of claim in the debtor's bankruptcy case, required the conclusion, under a "literal reading of *Granfinanciera* and *Katchen,*" *id.* at 976, that demands for jury trials by the non-debtor parties must be denied. Consistent with this result is the holding in *Bayless v. Crabtree,* 108 B.R. 299, 304–05 (W.D.Okla. 1989), that non-debtors' filing of even compulsory counterclaims in response to a debtor's suit against them in bankruptcy court "may be the equivalent of [filing] an informal proof of claim," *id.* at 305, requiring denial of the non-debtors' demand for a jury trial.

Carrying this reasoning to its logical conclusion, Kaiser, *supra,* at 4–5, astutely suggests that a debtor may unilaterally deprive a creditor of its "right" to a jury trial by filing a proof of claim on its behalf under 11 U.S.C. § 501(c). As Kaiser notes, the debtor's control over whether a claim is filed allows the debtor to "emasculate ... *Granfinanciera.*" *Id.* at 4. Perhaps a merely illusory notion of when a right to a jury trial exists against the claim of a debtor in bankruptcy is what the enigmatic *Granfinanciera* majority Opinion intended to convey. Certainly attributing the claim-filing exception to a non-debtor's right to a

jury trial in bankruptcy proceedings to the summary nature of the bankruptcy claims process rather than to any concept of waiver suggests that the non-debtor's inability to make a choice is not significant. *But see In re Industrial Supply Corp.*, 108 B.R. 799, 801–02 (Bankr.M.D.Fla.1989) (a non-debtor's filing of a complaint for reclamation under 11 U.S.C. § 546(c) does not result in the non-debtor's loss of its right to a jury trial; the Court, in *Granfinanciera,* meant to deprive only parties who filed formal proofs of claim of a right to a jury trial).

In the instant case, the Defendant unmistakably filed a formal proof of claim prior to the institution of this proceeding. We therefore need not invoke the far-reaches of the claim-filing exception to conclude that the instant proceeding involves public rights and theerefore that the Defendant cannot satisfy the third of *Granfinanciera's* three-pronged test for when a jury trial is required in a bankruptcy proceeding.

Furthermore, we note that, even prior to *Granfinanciera,* we had little difficulty in concluding, consistently with the ultimate reasoning of *Granfinanciera,* that a proceeding involving counterclaims to a proof of claim was equitable in nature under 28 U.S.C. § 157(b)(2)(C) as an aspect of the bankruptcy claims process and that no parties to such a proceeding were entitled to a jury trial. *See In re 222 Liberty Associates,* 99 B.R. 639, 647 (Bankr.E.D.Pa.1989); and *Direct Satellite, supra,* 91 B.R. at 8–9. Moreover, in *Direct Satellite,* the jury demand was made by non-debtors joined as third-party defendants by a non-debtor defendant, parties twice removed from the claims process. *Id. Cf. In re Kroh Brothers Development Co.,* 91 B.R. 889, 892–93 (Bankr.W.D.Mo.1988); *In re McCorhill Publishing, Inc.,* 90 B.R. 633, 635–38 (Bankr.S.D.N.Y.1988); and *In re Pro Machine, Inc.,* 87 B.R. 998, 1001–04 (Bankr.D.

Minn.1988) (no jury trial is permissible in a core proceeding within the scope of 28 U.S.C. § 157(b)(2)(C)).[2]

We therefore have little difficulty in reaching the conclusion that the Defendant's jury trial demand must be stricken. In our accompanying Order, we will also grant the parties' mutual request for a continuance of the date of the trial to this court and the other pre-trial proceedings.

---

2. However, it should be noted that these cases relied upon the principle that jury trials could not be demanded in any core proceedings, a notion put to rest elsewhere in *Granfinanciera.* 109 S.Ct. at 2800–02. However, this was not our line of reasoning in *Jackson,* 90 B.R. at 134, and

also not the basis of the result in the succeeding *Direct Satellite* decision. Like the Court in *Granfinanciera,* we based our conclusion on the "equitable nature" of the claims process which we find carries over to counterclaims to proofs of claim in that process.