**In re CLAIRMONT TRANSFER COMPANY, Debtor.**

**CLAIRMONT TRANSFER COMPANY, Plaintiff,**

**v.**

**RICE, RICE, GILBERT & MARSTON, Defendant.**

Bankruptcy No. HM 84–00203.
Adv. No. 90–9008.

United States Bankruptcy Court,
W.D. Michigan.

July 31, 1990.

Donald W. Bays, Osstyn, Bays & Ferns, Marquette, Mich., for plaintiff.

Michael V. Marston, Rice, Rice, Gilbert & Marston, Detroit, Mich., for defendant.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

This opinion was originally issued orally from the bench on July 25, 1990. As it addressed a highly topical area of bankruptcy law, it is now being supplemented with this written opinion.

### FACTS

The Debtor was involved in the trucking business. It filed a Chapter 11 bankruptcy petition on November 30, 1984. On August 23, 1985, the Debtor received court approval to hire Carrier Credit and Collection to collect its account receivables. In turn, Carrier Credit hired the law firm of Rice, Rice, Gilbert & Marston, the Defendant in this proceeding, to help it pursue the Debtor's accounts.

On November 24, 1986, the Defendant law firm filed an adversary proceeding against approximately 766 defendants, captioned *Clairmont Transfer Company v. A & H Truck Lines, et al.*, Adversary Proceeding No. 86–316. Initially, the Court Clerk's Office did not require a filing fee, but on October 15, 1987, a $120.00 fee was requested by the clerk and was paid by the Defendant law firm from funds advanced by Carrier Credit. A short time later, based upon an advisory opinion dated October 27, 1987, from the Administrative Office of the United States Courts, a filing fee of $120.00 for each defendant named in the proceeding was required. In an order dated March 23, 1988, this Court provided that the Debtor should file a list of those defendants that were to be dismissed, and should also submit a check for the fees due on the remaining defendants by March 28, 1988. The Defendant law firm prepared the list of dismissed defendants, and in the meantime, Carrier Credit became insolvent. At that time, the Defendant law firm was holding collected funds, and proceeded to deduct its fees and costs of approximately $37,527.95, and forwarded the balance of $12,905.45 in the form of a check payable to the Debtor, along with the prepared information, to the Debtor's attorney. The Debtor's attorney completed the fulfillment of the Court's order by endorsing the $12,905.45 check over to the Court and submitting a check drawn on the Debtor's account

for the balance of the fees, which amounted to $28,014.55.

The Debtor has instituted the present proceeding to collect the $28,014.55, based on the grounds that the retainer agreement between Carrier Credit and the Defendant was not approved by the Court, that the Defendant paid itself fees without court approval, and that the retainer agreement provided for the payment of costs, such as the filing fees, before the payment of attorney fees. The Defendant filed a demand for a jury trial, and the Debtor responded with a motion to strike that demand. That motion is presently before the Court, with the Debtor asserting that the Defendant has no right to a jury trial, and that this Court lacks the authority to conduct a jury trial.

## SEVENTH AMENDMENT RIGHT TO TRIAL BY JURY

The right to a jury trial has deep roots. At common law, a party had a right to a jury trial if the action was at law, but not if the action was maintained in equity. In 1791, the enactment of the Seventh Amendment to the Constitution of the United States preserved the right to a jury trial at law, but since there was no such right to preserve in equity, no constitutional basis exists for a jury right in equitable actions. While all courts have struggled over the years to distinguish legal and equitable claims and to accommodate suits that encompass both types of claims, the bankruptcy court has had an additional struggles because it is an Article I court operating primarily as a court of equity.

The leading case is *Granfinanciera, S.A., et al. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In that case, the Supreme Court held that a person sued by a bankruptcy trustee to recover a fraudulent transfer of money is entitled to a jury trial if the person has not submitted a claim against the estate. *Id.* at 2787. The opinion disregarded the labeling of a fraudulent conveyance as a core proceeding as a means to circumvent the Seventh Amendment, and held that "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches

and placing exclusive jurisdiction in an administrative agency or a specialized court of equity." *Id.* at 2800. Thus, even in bankruptcy courts, a party's right to a jury trial is determined by the established analysis of whether the cause of action is legal or equitable.

In *Granfinanciera,* the Supreme Court quoted from its previous decision in *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987), and stated:

> The form of our analysis is familiar. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second we examine the remedy sought and determine whether it is legal or equitable in nature."

*Id.* at 2790. The Court noted that the second step was more important than the first step, and further stated:

> If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

*Id.* Finally, the Court stated:

> we do not declare that the Seventh Amendment provides a right to a jury trial on all legal rather than equitable claims. If a claim that is legal in nature asserts a "public right," ... then the Seventh Amendment does not entitle the parties to a jury trial if Congress assigns its adjudication to an administrative agency or specialized court of equity.... The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of "private right."

*Id.* note 4. So, even if a claim is based on a common law action and a legal remedy is sought, the claim must assert a "private right" in order for a party to invoke the Seventh Amendment right to trial by jury.

The essence of the present proceeding is the allegation that the Defendant paid it-

self fees and costs when, according to the retainer agreement, that money should have first been used to pay the filing fees in the 1986 adversary proceeding. In that context, it is a contract action, with the Debtor suing as a third party beneficiary for a breach of the contract that occurred in the administration of the estate. While this claim arose during the course of the bankruptcy, the nature of the claim is not particular to the field of bankruptcy. Breach of contract actions obviously exist outside of bankruptcy, and certainly existed in 18th-century England. I think it would be a fair statement that English common law is the basis of American contract jurisprudence.

Additionally, the nature of the remedy that the Debtor is seeking is legal, in the form of monetary damages. The Debtor may label its relief as being in the form of restitution, but such an equitable label does not turn an ugly duckling into a swan. Assuming for argument's sake that the Debtor's allegations are true, the essence of the Debtor's claim is that the Defendant breached a contract obligation to pay the filing fees, the Debtor was harmed as a result of that breach, and the Debtor is now suing for those damages. The Debtor cannot rationally be said to be attempting to recover the actual funds that the Defendant paid itself. As the Supreme Court stated in *Granfinanciera:* "Because dollars are fungible and respondent has not requested an accounting or other specifically equitable form of relief, a complete remedy is available at law, and equity will not countenance an action when complete relief may be obtained at law." *Id.* at 2794, note 7. Just as the Debtor's claim has its roots in the common law, the nature of the remedy sought is also legal. Thus, the Defendant is entitled to a jury trial unless the right at stake is "public" in nature. That issue is disposed of easily; since the cause of action is not congressionally-created, it cannot be public. In reference to this issue, the Supreme Court has stated: "Wholly private tort, contract, and property cases, as well as a vast range of other cases, are not at all implicated." *Atlas Roofing Co. v. Occupational Safety and Health Review Commission,* 430 U.S. 442, 458, 97 S.Ct. 1261, 1270, 51 L.Ed.2d 464 (1977). Also, the *Granfinanciera* opinion referenced language from *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), emphasizing "that state-law causes of action for breach of contract or warranty are paradigmatic private rights, even when asserted by an insolvent corporation in the midst of Chapter 11 reorganization proceedings." *Granfinanciera* at 2798. Thus, the right at stake is private in nature, and the Defendant has a Seventh Amendment right to a jury trial.

Additionally, the Debtor has argued that this Court has no authority to conduct a jury trial. That issue was expressly left open in *Granfinanciera,* and the Sixth Circuit has not yet decided such an issue. However, two other circuits have recently ruled on this issue, one in the affirmative, *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990), and one in the negative, *In re United Missouri Bank of Kansas City,* 901 F.2d 1449 (8th Cir.1990).

I find the reasoning of the Second Circuit to be persuasive. There is no doubt that this is a core proceeding, as defined by either 28 U.S.C. § 157(b)(2)(A) or § 157(b)(2)(O), in that the alleged conduct and harm resulted during the course of and as a direct result of the administration of the estate. Therefore, as the Second Circuit held, there are no specific statutory prohibitions to the bankruptcy court conducting a jury trial, and "[s]ince the jury verdict in a core proceeding is subject only to the traditional standards of appellate review, such proceeding does not violate the Seventh Amendment." *Cooper* at 1403. Thus, there is no barrier to the Defendant's jury trial being conducted in the bankruptcy court.

## CONCLUSION

In sum, the Defendant has a Seventh Amendment right to trial by jury, and this Court has the authority to conduct such a jury trial in this case. Therefore, the Debtor's motion to strike the Defendant's jury demand is denied. An order is being pre-

pared by counsel for the Defendant, and will be entered upon presentment.