In re Larry E. BRENNER and Judith A. Brenner, h/w, Debtors.

Leslie Beth BASKIN, Trustee, Plaintiff,

v.

James WADE and Meehan and Meehan, Defendants.

Bankruptcy No. 86–00881S.
Adv. No. 90–0629S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 16, 1990.

Stephen Raslavich, Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Meehan and Meehan.

James J. O'Connell, Ass't. U.S. Trustee, Philadelphia, Pa., U.S. Trustee.

Mitchell W. Miller, Philadelphia, Pa., for James Wade.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

This is a proceeding brought by LESLIE BETH BASKIN ("the Trustee"), successor to Defendant JAMES WADE ("Wade") as Trustee in this voluntary joint Chapter 7 bankruptcy case, against Wade and his counsel, MEEHAN AND MEEHAN ("Meehan"), to recover damages to the estate allegedly caused by the Defendants' breaches of their respective duties as trustee and counsel to the trustee.

The underlying case was filed on February 24, 1986. It was closed on July 11, 1986, but was reopened on June 2, 1988, to permit avoidance of certain liens against the Debtors' partially-exempt realty. Wade was removed as trustee in this case, pursuant to 11 U.S.C. § 324(a), upon the Debtors' motion alleging unreasonable delay on his part in proceeding to attack the liens, by Order of September 18, 1989. The Order of September 18, 1989, ultimately led to an Order of October 2, 1989, removing Wade as trustee in all cases in this court, pursuant to 11 U.S.C. § 324(b).

The current Trustee was appointed to replace Wade on December 12, 1989. On July 26, 1990, she filed a Complaint charging that Wade's delay in seeking avoidance of the liens against the Debtors' realty had destroyed an opportunity to avoid the entire liens as preferential transfers under 11 U.S.C. § 547(b), apparently requiring her to resort to avoidance of only that portion of the liens which were avoidable as impairments to the Debtors' exemptions pursuant to 11 U.S.C. § 522(f)(1).

A summons reciting an answer date of August 27, 1990, and a trial date of Sep-

tember 18, 1990, in this proceeding was issued. Wade, in accordance with an agreed extension to do so, answered on September 4, 1990. Meehan filed a motion to dismiss on the last day to respond, August 27, 1990. Finding this motion to be interposed principally for delay, we denied the motion in an Order of September 7, 1990, in which we also required Meehan to file an answer by September 28, 1990, and reset the trial for October 9, 1990.

Several days before trial, new counsel retained by Meehan called our chambers and inquired as to whether we would stay the trial because Meehan had now filed a motion to withdraw the reference of this proceeding to the district court on September 28, 1990, the day its answer was due. The court, per our Courtroom Deputy, replied in the negative. No pleading other than the motion to withdraw the reference, including any Answer of Meehan to the Complaint, appeared on the docket as of the day of trial, October 9, 1990.

On the day of trial, Meehan's counsel appeared and indicated to the court, for the first time, that Meehan had demanded a jury trial in this proceeding. Counsel also argued vigorously that this proceeding was non-core, and that, since it had demanded a jury trial in a non-core proceeding, withdrawal of the reference was inevitable. *See Beard v. Braunstein*, 914 F.2d 434, 442 (3d Cir.1990); and *In re Jackson*, 90 B.R. 126, 135 n. 7 (Bankr.E.D.Pa.1988), *aff'd*, 118 B.R. 243 (E.D.Pa.1990), *reconsideration denied* 118 B.R. at 253 (E.D.Pa. 1990). Thus, Meehan reiterated that our staying this trial until the motion to withdraw the reference was decided was appropriate.

Upon the Trustee's joinder in the request for a continuance, we rescheduled the trial on October 30, 1990. We entered an Order directing the parties to file briefs, on or before October 15, 1990, on the issue of whether Meehan was entitled to a jury trial in this proceeding and whether it had, through its extremely-belated advice to the court of the jury demand, waived same, as we held under similar facts in *In re Direct Satellite Communications, Inc.*, 91 B.R. 7,

8–9 (Bankr.E.D.Pa.1988). We further note that, while we requested that copies of same be forwarded to us immediately, Meehan did not favor us with a copy of its Answer endorsed with its jury demand, and same was inexplicably not placed upon the docket, despite bearing a September 28, 1990, time-stamp, until October 15, 1990.

■ Meehan's contention, in the colloquy of October 9, 1990, that this proceeding was non-core appears to have been based on the contention that the Trustee's complaint raises a post-petition "claim" against it. *Compare In re Frenville, Inc.*, 744 F.2d 332, 335–37 (3d Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Where this reasoning fails is in identifying the Trustee's cause of action as a "claim" within the scope of 11 U.S.C. §§ 101(4) and 502. Patently, it is not. Rather, it is a proceeding which arose "concerning administration of the estate" of the Debtors, and therefore squarely falls within the scope of core proceedings defined in 28 U.S.C. § 157(b)(2)(A). We note that, in its Brief, Meehan now appears to concede that this proceeding is core. We therefore have no hesitancy in making the determination that this matter is, in fact, a core proceeding.

■ The parties both correctly argue that the right of Meehan to a jury trial must be determined by reference to the three-pronged test set forth in *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 2790–2802, 106 L.Ed.2d 26 (1989). *See In re Light Foundry Associates*, 112 B.R. 134, 136–37 (Bankr.E.D.Pa.1990). That test provides that a jury trial may be demanded if (1) the nature of the action would have been "at law" under the 18th-century practice in effect when the Seventh Amendment was enacted; (2) the remedy sought is legal in nature; and (3) "private" rights as opposed to "public" rights are in issue. *Id.*

We question whether Meehan's instant jury demand passes *any* of the three prongs of the *Granfinanciera* test, *all* of which it must clear to allow it to be accorded a jury trial. Firstly, as the court concluded in the most analogous post-*Granfi-*

*nanciera* case which we were able to locate, *In re E Z Feed Cube Co.*, 115 B.R. 684, 687 (Bankr.D.Ore.1990), the nature of a suit brought by a present trustee against a predecessor trustee is "ordinarily exclusively equitable." Furthermore, even if the relief sought is monetary damages, the nature of the relief sought is, in effect, "a suit for an accounting and a request to surcharge the account of a prior ... trustee," which is equitable in nature. *Id.* at 689.

However, the most plainly absent element is the presence of "private" as opposed to "public" rights. The Trustee's cause of action arises directly from her allegations of wrongdoings of the Defendants in the "public" business of the administration of the Debtors' bankruptcy case. Such a proceeding involving issues arising "within the particular summary jurisdiction of the bankruptcy court," *In re 222 Liberty Associates*, 99 B.R. 639, 645 (Bankr.E.D.Pa.1989), appears to be unlikely fare for a jury trial.

The instant proceeding is therefore quite distinct from such cases as *In re SPI Communications Marketing, Inc.*, 114 B.R. 14 (N.D.N.Y.1990); *In re Clairmont Transfer Co.*, 117 B.R. 288 (Bankr.W.D.Mich.1990); and *Jackson, supra*, which targeted alleged wrongful acts of the respective debtors' counsel. The target of this action is wrongful conduct of a trustee engaged in the congressionally-created and hence "public" act of administering this case as an officer of the court. *See Granfinanciera, supra*, 109 S.Ct. 2795–97; and *Beard, supra*, 914 F.2d at 440–41.

Two other elements cut against Meehan's demand for a jury trial. First, as the Trustee argues, there is authority in this jurisdiction for the principle that, where little or no disputed facts are at issue and the dispute is largely a question of law, a demand for a jury trial must be denied. *See In re Ramex International, Inc.*, 91

B.R. 313, 316 (E.D.Pa.1988). Here, all of the relevant facts can, in all probability, be extracted from the pleadings filed in this case and hence there are few, if any, factual disputes left for us to resolve.

We do question whether Meehan, like the parties requesting a jury trial in *Direct Satellite, supra*, 91 B.R. at 9, had not waived same by its intransigent course of dilatory conduct, culminating in its not advising us of its demand for a jury trial until the morning of trial, despite its expression of its awareness that our courtroom could not accommodate a jury trial in the course of the colloquy of October 9, 1990, and its failure to supply us with any document supporting its jury demand, despite our request for same, until the afternoon of October 15, 1990. *Accord, In re Wynn*, 889 F.2d 644, 646–47 (5th Cir.1989). In *Direct Satellite, supra*, the jury demand was technically properly made by endorsement of a document which itself at least appeared on the court's docket. Here, the jury demand was included on a document not itself docketed until October 15, 1990, well after the applicable, *see Jackson, supra*, 90 B.R. at 132, time-period set forth in Federal Rule of Civil Procedure 38(b) had expired.

For all of these reasons, we shall proceed to strike Meehan's demand for a jury trial.[1] In an accompanying Order, in addition to effecting this directive, we shall declare that this proceeding is core in nature and direct the parties to appear at a settlement conference to be conducted by the Honorable Judith H. Wizmur of the District of New Jersey on October 26, 1990, prior to the designated trial date of October 30, 1990, reiterated therein.

---

1. We therefore need not address the Trustee's argument that, if a jury trial is necessary, this court can conduct it. We have, of course, already so held in *Jackson. Accord, e.g., In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402–04 (2d Cir. 1990), *cert. granted* (U.S. June 18, 1990); and *In*

re *Stoecker*, 117 B.R. 342, 346–47 (N.D.Ill.1990). *Contra, e.g., In re Kaiser Steel Corp.*, 20 BCD 1418, 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank*, 901 F.2d 1449 (8th Cir.1990); and *In re Johnson*, 115 B.R. 712 (Bankr.S.D.Ala. 1990).