**In re Donald J. WALLACE, III Debtor.**

**Duke SALISBURY, Plaintiff,**

v.

**Donald J. WALLACE, et al., Defendants.**

**Civ. A. No. 3–91–0459–H.**

United States District Court, N.D. Texas, Dallas Division.

June 10, 1991.

---

M. Bruce Peele, James V. Roberts, J. Mark McPherson, Mankoff Hill Held & Goldburg, Dallas, Tex., for plaintiff.

Michael P. Massad, Jr., Thomas E. Kirkland, Taylor & Mizell, Van Oliver, Tim K. Goss, Dallas, Tex., for defendants.

### MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is the Motion to Withdraw the Reference of Defendant Team

---

Bank, f/k/a Texas American Bank/Galleria, as Executor of the Estate of Doris Gano Wallace, and as Trustee, filed March 5, 1991; and the Response of Duke Salisbury, Trustee.

Team Bank moves for withdrawal of the reference on the ground that it has a constitutional right to a jury trial, and because the Second, Eighth, and Tenth Circuits are split on the question of whether a bankruptcy court can conduct a jury trial. Team Bank urges the Court to follow the Eighth Circuit, which holds that bankruptcy courts have no authority to conduct jury trials, and withdraw the reference.

Although the Fifth Circuit has not ruled on this issue, in this District "bankruptcy courts can—and indeed must—preside over jury trials" where the right to such a trial exists. *M & E Contractors, Inc. v. Kugler–Morris General Contractors, Inc.*, 67 B.R. 260, 265 (N.D.Tex.1986).

Accordingly, Team Bank's Motion to Withdraw the Reference is DENIED.

SO ORDERED.