**In re: AMERICAN SOLAR KING, Debtor.**

**FAIRWAY INVESTMENTS TRUST, LTD. and the United States of America ex rel Fairway Investments Trust, Ltd., Plaintiffs,**

v.

**Stanley W. WRIGHT, Individually and as Trustee, and Fidelity and Deposit Company of Maryland, Defendants.**

Bankruptcy No. 86-60527-FM.
Adv. No. 92-6032-FM.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

June 2, 1992.

See also 92 B.R. 207.

Charles D. Olson, Kathleen M. French, Olson & Olson, L.L.P., Waco, Tex., for plaintiffs, Fairway Investments Trust, Ltd. and the U.S. ex rel. Fairway Investments Trust, Ltd.

Doug Young, Scanlan & Buckle, P.C., Austin, Tex., for defendants, Stanley W. Wright, individually and as trustee, and Fidelity and Deposit Co. of Maryland.

MEMORANDUM OPINION ON THE PLAINTIFFS' REQUEST FOR JURY TRIAL UNDER 28 U.S.C. § 1411(a)

FRANK R. MONROE, Bankruptcy Judge.

A hearing was held on May 20, 1992 on the Plaintiffs' request for a jury trial pursuant to 28 U.S.C. § 1411(a). Plaintiffs allege that Defendant Wright, while he was acting Chapter 7 Trustee in this case, breached his fiduciary obligations as Trustee regarding estate property upon which Plaintiff Fairway claims a lien. Plaintiffs have sued Defendant Wright and his bonding company for damages.

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334(b) and (d), 28 U.S.C. §§ 157(a) and (b)(1), 28 U.S.C. § 151, and the standing Order of Reference existing in this District. For reasons set forth later in this Memorandum, this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Based upon the record, the arguments of counsel, the cases presented by the parties, and the Court's own independent research, the Court enters this Memorandum Opinion.

ISSUES

The Court must determine first, the nature of its jurisdiction to try the cause of action at hand, and second, whether the parties are entitled to a jury trial.

DISCUSSION

■ *Jurisdiction.* The action at hand, involving the alleged misconduct of the De-

fendant Wright in administering the Debtor's estate while he served as Trustee, is a core proceeding under 28 U.S.C. § 157(b)(2)(A). *In re Brenner,* 119 B.R. 495, 496 (Bankr.E.D.Pa.1990); *see also In re Balboa Improvements, Ltd.,* 99 B.R. 966, 970 (9th BAP 1989) (Court analogized suit over claim of misconduct by debtor's attorney to actions against a court-appointed trustee, stating "[t]he bankruptcy court is responsible for resolving issues affecting the administration of the estate."); *In re Campbell,* 13 B.R. 974, 976 (Bankr.D.Idaho 1981) (Lessor sued trustee to recover payment for storage and maintenance of potato crop in state court; bankruptcy court denied permission to sue in state court because "courts other than the appointing court have no jurisdiction to entertain suits against the trustee, without leave from that appointing court, for acts done in his official capacity and within his authority as an officer of the court."); *In re Tri-State Hoists, Inc.,* 1991 WL 193733 (Bankr. E.D.Pa.1991) (not reported in B.R.) ("[A]n action seeking to hold a trustee liable for acts in this official capacity is a proceeding which concerns the administration of the Debtor's estate, and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)").

 An adversary proceeding must be brought for recovery against a trustee's bond. Bankruptcy Rules 2010(b) and 9025. Rule 2010(b) provides "[a] proceeding on the trustee's bond may be brought by any party in interest in the name of the United States for the use of the entity injured by the breach of the condition." [1] [Procedurally, Plaintiffs have not completely complied with this Rule, but that is not at issue at present.] Rule 9025 states that:

"Whenever the Code or these rules require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the court, and liability may be determined in an adversary proceeding governed by the rules in Part VII."
Bankruptcy Rule 9025.

Other courts have held "that a proceeding against a bankruptcy trustee's bond must be filed as an adversary proceeding." *In re O'Connell,* 82 B.R. at 120 (district court affirmed bankruptcy court's decision that an adversary proceeding must be brought due to operation of Rule 2010(d) [now Rule 2010(b)] to sue trustee on his fidelity bond in order to pursue payment on a judgment obtained against trustee due to his breach of contract on a sale of estate assets).

Further, Plaintiff Fairway previously sued these Defendants on the same alleged cause of action in the United States District Court for the Western District of Texas in the Waco Division. The United States District Judge presiding over that suit dismissed it on the basis that the action presented was a core proceeding which should be heard by the Bankruptcy Court.

Given the prior suit and being the court which appointed the Defendant Wright as Trustee of the Debtor's case, the Court concludes that it has core jurisdiction to try the action presented.

*Jury Trial.* As for the second issue, Plaintiffs have requested trial by jury pursuant to 28 U.S.C. § 1411(a) which provides:

"Except as provided in subsection (b) of this section, this chapter and title do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim."
28 U.S.C. § 1411(a).

The question then becomes whether a right to jury trial exists for proceedings which do not involve the two causes of action specified in § 1411(a). Two recent United States Supreme Court cases do not resolve the question of whether Congress has authorized a bankruptcy court to conduct a jury trial. *See Granfinanciera,*

---

1. The word *may* in Rule 2010(b) has been restricted to its use as an enabling verb and does not indicate that other procedures may exist to bring suit on a trustee's bond than as an adversary proceeding. *In re O'Connell,* 82 B.R. 118, 120 (N.D.Cal.1988).

*S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (The Court did not determine whether Congress authorized bankruptcy courts to hold jury trials in fraudulent conveyance suits and only decided that a defendant in such an action was entitled to a jury trial when it had not filed a proof of claim in the case.); *Langenkamp v. Culp,* —— U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1991), *reh'g denied,* —— U.S. ——, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991) (depositors who filed proofs of claim waived right to jury trial for bankruptcy trustee's preference actions against them).

■ Section 1411(a) does not authorize bankruptcy courts to hold jury trials. To see its real meaning it must be analyzed together with 28 U.S.C. § 157(b)(2)(O), which excepts from core proceedings the determination of personal injury tort or wrongful death claims. The combined effect of these two sections is only that bankruptcy courts are *not* to try personal injury and wrongful death tort claims. The jury rights of the litigants thereto are specifically preserved and those matters are statutorily made non-core. 28 U.S.C. § 1411 does not grant bankruptcy courts the power to try jury trials. It, together with § 157(b)(2)(A), only excepts personal injury and wrongful death tort claims from bankruptcy core jurisdiction (with a specific statement that jury trial rights are not affected). If Congress felt it was empowering bankruptcy courts to hold jury trials through this provision, surely it would have

made it clear as such would have been a departure from the law as it existed under the prior Bankruptcy Act. There is simply no provision in Title 11 or Title 28 which grants jury trial powers to bankruptcy courts in core proceedings such as the one at bar. Other courts of greater influence have reached the same result.[2]

Neither does the exception contained in 28 U.S.C. § 959(a)[3] allowing suit without leave of the bankruptcy court and without affecting a litigant's right to trial by jury provide any relief to the Plaintiffs. It is not applicable to actions against the trustee for events occurring while collecting, administering, or liquidating the estate because such actions do not constitute carrying on the debtor's business as required by § 959(a). *See In re Campbell,* 13 B.R. at 976 ("Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted."); *In re Balboa Improvements, Ltd.,* 99 B.R. at 970 (suit was based upon damages caused by fiduciary's alleged misconduct in administering the estate and was not based upon actions in carrying on the debtor's business, making § 959 not applicable); *Anderson v. United States,* 520 F.2d 1027, 1029 n. 1 (5th Cir. 1975) (§ 959 does not apply to a non-operating trustee). The claims supporting the Complaint do not involve events related to the Defendant Wright's carrying on of

2. *See United Missouri Bank of Kansas City,* 901 F.2d 1449 (8th Cir.1990) (bankruptcy judge lacks express or implicit statutory authority to conduct jury trial in a preference action); *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990) (action by debtor seeking to recover fraudulent conveyances and damages for directors' breach of fiduciary duties; held Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); *In re Hallahan,* 936 F.2d 1496 (7th Cir. 1991) (held debtor has no Seventh Amendment right to a jury trial for a nondischargeability action, such an action is equitable in nature and there is no authority otherwise under the applicable statutes or the Bankruptcy Rules to provide such a right); *In re Baker & Getty Financial Services, Inc.,* 954 F.2d 1169 (6th Cir.1992) (action was for declaratory judgment; held bankruptcy courts are not authorized to conduct jury trials absent statutory authority and no Bankruptcy Rule currently provides for such a right);

*cf. M & E Contractors v. Kugler–Morris General Contractors, Inc.,* 67 B.R. 260 (N.D.Tex.1986) (jury trial power exists for core proceedings but issues resting solely upon state law are not core proceedings); *Salisbury v. Wallace,* 127 B.R. 1000 (N.D.Tex.1991) (district court denied motion to withdraw the reference because bankruptcy courts have jury trial power when right to such a trial exists).

3. Section 959(a) provides: "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury." 28 U.S.C. § 959(a).

the Debtor's business but are allegations of his misconduct in administering the estate; thus, the exception provided by § 959(a) is not applicable.

We must now analyze the Plaintiffs' right to have a jury to see if this Court can exercise the core jurisdiction it has been granted.

In *Granfinanciera,* the Court set forth a three-pronged test to determine whether a right to jury trial under the Seventh Amendment[4] exists for the fraudulent conveyance action there presented. The Court stated:

" 'First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.' ... If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder."

*Granfinanciera,* 492 U.S. at 42, 109 S.Ct. at 2790 (citations omitted).

Congress's ability to supplant a common-law claim having a right to jury trial with a statutory claim shorn of such a right and which must be adjudicated by a non-Article III tribunal is limited to those actions involving "public rights." *Id.* at 51–54, 109 S.Ct. at 2794–96. Public rights are not specifically defined; however, public rights have been stated to be liabilities of one individual to another under the law as defined or as state-created rights in tort, con-tract, and property law. *Id.* at 51 & 51 nn. 8–11, 109 S.Ct. at 2794 & 2795–2797 nn. 8–11. Public rights need not always involve the federal government; public rights also include those rights created by Congress which are seemingly private rights but which are so closely intertwined with a public regulatory scheme that they are appropriately resolved by administrative action with some involvement by the Article III judiciary. *Id.* at 54 & 55 n. 10, 109 S.Ct. at 2796 & 2797 n. 10. The Supreme Court left unanswered whether the restructuring of debtor-creditor relations is a public right, however, it suggested such a belief by distinguishing claims which constitute a part of the bankruptcy proceeding from private rights. *Id.* at 56 & 56 nn. 11–12, 109 S.Ct. at 2797–2798 nn. 11–12.

In a later non-bankruptcy case involving a collective bargaining issue for which there was no comparable 18th–century action and which presented both equitable and legal issues,[5] the Supreme Court rephrased the historical inquiry required under the first prong of the *Granfinanciera* test by stating " '[t]he Seventh Amendment question depends on the nature of the issue to be *tried* rather than the character of the overall action.' " *Terry,* 494 U.S. 558, 569, 110 S.Ct. 1339, 1347 (emphasis in original). The Court analogized the union's alleged breach of fair representation to one involving an action by a trust beneficiary against a trustee for breach of fiduciary duty, an action within the exclusive jurisdiction of courts of equity. *Id.* at 567, 110 S.Ct. at 1346.[6] The employees' action also encompassed the legal issues of breach of contract and a monetary claim for damages, thus complicating the proceeding's classifi-

**4.** "The Seventh Amendment provides that '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' ... [T]he phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519, 527 (1990) (emphasis in original).

**5.** The employees alleged that their employer had breached the collective bargaining agreement and that the union had breached its duty of fair representation to them.

**6.** The Fifth Circuit cited this statement in an opinion holding that a jury trial must be allowed for a state court suit removed to the bankruptcy court which alleged breach of fiduciary duty, fraud, tortious interference with a contract, and conspiracy. *See In re Jensen,* 946 F.2d 369, 371 (5th Cir.1991) ("Claims for breach of fiduciary duty have always been within the exclusive jurisdiction of the courts of equity.").

cation as either an equitable or legal. *Id.* at 569–573, 110 S.Ct. at 1347–1349.[7] The Court ruled that *on balance,* the true nature of the action and the remedy sought [giving more weight to this latter factor] was legal, and therefore, the Seventh Amendment entitled the employees to a jury trial on their claims. *Id.* at 573–74 & 571 n. 8, 110 S.Ct. at 1349 & 1348 n. 8.

In a bankruptcy case somewhat comparable to the action at hand, the court denied a defendant and former trustee's request for a jury trial in an action brought against him by the successor Chapter 7 trustee due to his alleged breach of fiduciary duty in failing to challenge preferential transfers. *In re Brenner,* 119 B.R. at 495. The bankruptcy court applied the three-pronged test set forth in *Granfinanciera* and found that the nature of the suit was equitable in nature, that the remedy requested, although for monetary damages, was in effect an equitable action as a suit for an accounting with a request to surcharge the account of the prior trustee, and that public rights were involved, given that the wrongdoing allegedly occurred during the trustee's "public" business of administering the estate as an officer of the court. *Id.* at 496–97. Thus, the defendants' jury trial demand failed to meet the *Granfinanciera* factors, and all three are required to be accorded a jury trial. *Id.* at 496.

■ In the situation at hand, the claim for the Defendant Wright's breach of fiduciary duty is equitable in nature. And, to the extent based upon the Defendant Wright's negligence, the claim is legal. *Terry,* 494 U.S. at 569, 110 S.Ct. at 1347; *Ross v. Bernhard,* 396 U.S. 531, 542, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) (jury trial available for corporation's allegations of breach of contract and negligence against its directors); *Anderson v. United States,* 520 F.2d at 1029 (negligence action against bankruptcy trustee for failure to satisfy

federal tax liability is one at law). However, following *Terry's* guidance when mixed forms of actions are presented, this Court considers that the true nature of the issue to be tried is an equitable action for an accounting with a request to hold the Defendant Wright both personally liable and liable in his capacity as Trustee for damages inflicted upon estate assets during the pendency of his trusteeship. *See In re E Z Feed Cube Co., Ltd.,* 115 B.R. 684, 689 (Bankr.D.Or.1990) (action by successor trustee to surcharge removed trustee for breach of fiduciary duty was in the nature of a suit for an accounting and a request to hold him liable for losses which occurred while he was trustee; right to jury trial denied); *In re Brenner,* 119 B.R. at 497.

Likewise, the Plaintiffs' requested relief against the Defendant Wright individually and as Trustee is equitable in nature. "Damages awarded to beneficiaries for a trustee's breach of his fiduciary duties" are equitable remedies. *Terry,* 494 U.S. at 571 n. 8, 110 S.Ct. at 1348.[8] And, "[g]enerally, equity courts have the power to hold a trustee personally liable for losses occasioned by a breach of his trust." *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 194 (9th Cir.1977). A trustee's duties have been defined as:

> "[H]e has a duty to treat all creditors fairly and to exercise that measure of care and diligence that an ordinarily prudent person under similar circumstances would exercise. ... Although a trustee is not liable in any manner for mistakes in judgment where discretion is allowed ... he is subject to personal liability for not only intentional but also negligent violations of duties imposed upon him by law."

*In re Cochise College Park, Inc.,* 703 F.2d 1339, 1357 (9th Cir.1983).

---

7. The Court stated that an award of monetary relief must not always be legal in nature, e.g., such a claim would be equitable if restitutionary in nature, if closely intertwined with injunctive relief, or if for damages awarded to beneficiaries for a trustee's breach of trust; however, if the claimant solely seeks monetary damages, e.g., exemplary or punitive damages, such a claim is legal. *Id.* at 570–573, 587 (dissent) &

571 n. 8, 110 S.Ct. at 1347–1349, 1356 & 1348 n. 8.

8. "Such damages were available only in courts of equity because those courts had exclusive jurisdiction over actions involving a trustee's breach of his fiduciary duties." *Terry,* 494 U.S. at 571 n. 8, 110 S.Ct. at 1348 n. 8.

· To the extent that the damages requested are based upon negligence, "[a] bankruptcy trustee is liable for wrongful conduct or negligence, and he may be surcharged." *In re E Z Cube Co.*, 115 B.R. at 689 (citing *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir.1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968)); *see In re Baker*, 68 B.R. 360, 365 (Bankr.D.Or.1986) ("The law appears to be well settled that when a trustee intentionally or negligently makes improper disbursements from the estate, that his accounts are to be surcharged and that he is personally liable to reimburse the estate for the amounts so disbursed." (citing *Thomas Corp. v. Nicholas*, 221 F.2d 286 (5th Cir. 1955))); *In re Powers*, 112 B.R. 178, 181 (Bankr.S.D.Tex.1989) ("Trustees of an estate in bankruptcy are subject to personal liability for willful violations of fiduciary duties." (citing *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951))).

Here, the Plaintiffs' damage claim is properly characterized as restitution for the alleged loss in value of the patent upon which the Plaintiff Fairway claims a lien due to the Defendant Wright's alleged loss and/or destruction of the valuable supporting documentation and engineering documents for the patent. This type of monetary claim is equitable in nature. *Terry*, 494 U.S. at 570, 110 S.Ct. at 1347.

The claim presented and the relief requested are equitable in nature; thus, these two factors under the *Granfinanciera* test deny a right to jury trial under the Seventh Amendment for the action at hand. There is no need to consider whether public or private rights are involved in this action. The Plaintiffs' request for a jury trial under § 1411(a) will be denied.

A separate order of even date herewith will be entered by the Court.